# City of Harrisburg, Appellant, *v.* Segelbaum.

[Marked to be reported.]

*Paving—Macadamizing—Streets—Cities of second class.*

Macadamizing is an original paving, under the act of May 23, 1889, P. L. 272, relating to streets, etc., in cities of the third class, within the rule which relieves the owners of abutting property from liability for the cost of subsequent paving: Greensburg Borough v. Laird, 138 Pa. 533, followed.

Where a street is changed by macadamizing from an ordinary clay road into a good, reasonably smooth, and substantial artificial highway, practically equivalent to an ordinarily well improved street paved with cobble stones or other materials used for paving, it is paved within the meaning of the law, and subsequent repaving with wood, stone or asphalt must be borne by the public and not by the owners of the property abutting on the street.

*Cost of original paving paid by public—Repaving.*

The cost of repaving a public street cannot be assessed upon and collected from the property abutting on the street, even though the cost of the original paving was not borne by the then owners of the abutting property, but by the public.

Special local benefits accrue to properties abutting on a street only at the time of the original paving, and assessments for such benefits, if exercised at all must be exercised at or near the time the benefits accrue.

A street in the city of Harrisburg, a city of the third class, was macadamized in 1832, and again in 1848. The macadamized pavement was paid for by the city, and maintained and kept in repair at the public expense. In 1887, the street was paved with sheet asphalt from curb to curb, and an assessment of the cost was made upon the abutting properties under the act of May 23, 1889. *Held,* that the assessments could not be collected.

Argued June 1, 1891. Appeal, No. 18, May. T., 1891, by plaintiff, from judgment of C. P. Dauphin Co., Sept. T., 1890, No. 351, on verdict for plaintiff, Charles S. Segelbaum. Before PAXSON, C. J., STERRETT, GREEN, WILLIAMS, McCOLLUM and MITCHELL, JJ.

Assumpsit to recover assessment for street-paving.

The facts appear by the opinion of the Supreme Court.

At the trial, before SIMONTON, P. J., defendant offered evidence, under objection and exception, to prove that Market street had been macadamized in 1832, etc., as stated in the opinion of the Supreme Court. [1]

Plaintiff's points were as follows:

" 1. The dumping and spreading of broken stones of various sizes upon portions of Market street, from time to time, in the manner disclosed by the evidence in this case, was not a paving thereof, under the laws of this commonwealth. *Answer :* To that we say that if the evidence in the case merely showed that from time to time broken stones were dumped and spread upon the street, we should not be prepared to say that it was a paving in the same sense that that term is used in the laws and in the decisions." [2]

" 2. The macadamizing of a street in a city is not a paving under the laws of this commonwealth. *Answer :* So far as that proposition is applicable to the facts in this case, we decline to affirm it." [3]

" 3. The spreading of broken stones of various sizes on the roadway of Market street, from time to time, without regard to scientific principles or regular system, was not a macadamizing or a paving under the laws of this commonwealth. *Answer :* We answer that proposition as we did the first one. If that was all that the evidence showed to have been done, merely spreading stones on from time to time, we would not be prepared to say that that was a macadamizing." [4]

" 4. Where the original paving of a street has been done at the expense of the common stock or general treasury, the city of Harrisburg has the right to repave such street, and assess the cost thereof on the abutting properties or the properties benefited by such repaving." Refused. [5]

" 5. Where a street has been macadamized in the manner disclosed by the evidence in this case, at the cost of the common stock or public treasury, the city of Harrisburg has the right to pave such a street and assess the costs thereof on the abutting properties or the properties benefited by such paving." Refused. [6]

" 6. Where the roadway of a street has been improved in any way by a borough at the expense of the general treasury, which borough had not the right to assess abutting properties or properties benefited for the cost of such improvement, and such borough subsequently becomes a city with the right to improve the roadways of streets at the expense of abutting properties or properties benefited by such improvements, the improvement of the roadway of a street of a borough at the expense of the

borough treasury by turnpiking it, or by spreading out broken stones thereon and leaving the same to be compressed by travel thereon, is not a paving of such street, and is not such original improvement of the roadway of such street as will subsequently preclude the city from improving the roadway of the same street by laying a modern pavement thereon and assessing the costs thereof upon abutting properties or the properties benefited thereby. *Answer:* To that proposition we say that, so far as it applies to this case, or so far as the affirming of it could have any controlling interest in the case, we decline to affirm it." [7]

" 7. The turnpiking of a street at the expense of the public treasury will not prevent the proper authorities laying a pavement on such street, and assessing and collecting the cost thereof on and from abutting properties, under the laws of this commonwealth. *Answer:* To that we say, that so far as it applies to the facts in this case we decline to affirm it." [8]

" 8. The claim in suit being made by the city of Harrisburg, the defendant cannot make defence thereto that the paving is a repaving, unless he proves that the street immediately in front of his property was paved before the pavement, for the cost of which this action was brought, was laid. *Answer:* To that we say that if the street, as a whole, was repaved in such a manner that a proportion of the cost could not be charged upon abutting owners it cannot be charged upon this abutting owner from any failure, so far as there is any failure in the evidence of this case, to prove that immediately in front of his property any particular work was done, his property being one of the properties fronting on the street, and the whole street being paved." [9]

" 9. Under all the evidence in this case the roadway of Market street, before the asphalt pavement was laid in 1887, was not paved within the meaning of the laws of this commonwealth." Refused. [10]

" 10. Under all the evidence in this case the verdict must be for the plaintiff." Refused. [11]

The court charged in part as follows:

" The plaintiff has also asked us, verbally, to instruct you that if you believe the testimony of Mr. Cowden as to the alleged conversation between him and the defendant at the time

they were putting in the curbing, with respect to whether they should put in new curbing or not, then the plaintiff is entitled to recover for the cost of that curbing on the ground that what was said by the defendant at the time amounted to an estoppel, and that he therefore cannot defend against the cost of the curbing.

"We decline so to instruct you, in the first place, because we are not satisfied that the conversation, if it did occur, as detailed by Mr. Cowden, would amount to an estoppel. As we remember the testimony, it was not shown that because of that conversation the city put in any other or different kind of curbing than it would have done if the conversation had not occurred; and in order to constitute an estoppel, the party who sets it up must have done, because of the fact which he claims to amount to an estoppel, that which he otherwise would not have done. Secondly, because that is a mere subordinate question in this case, and we think it better that the case should go upon the main question; and if the plaintiff is injured by our ruling with respect to this particular question, that can be remedied at the same time the other questions are discussed and passed upon by a higher court." [12]

Defendant's points were, among others, as follows:

" 1. The act of May 24, 1887, only authorizes a paving and not a repaving, and, as the work done on Market street was a repaving, payment therefor cannot be enforced against the defendant as an abutting landowner. *Answer:* To that we instruct you that payment for the work that was done on Market street for repaving, as claimed in this case, cannot be enforced against this defendant. We do not by that mean to say that this work was a repaving in the strict sense of the term, but we do mean to say that the work was such that under all the facts in this case a recovery could not be had against the defendant." [13]

" 2. The macadamizing of the street is a paving of it, and as Market street was macadamized prior to the laying of the Barber asphalt sheet pavement in 1887, there can be no recovery in this action. *Answer:* To this we say that there can be no recovery in this action, and by so deciding we do not mean to say that paving and macadamizing are identical." [14]

" 3. If the jury believe Market street was macadamized be-

fore the laying of the Barber asphalt sheet pavement in 1887, there can be no recovery in this action. *Answer :* We have already instructed you, gentlemen, that there can be no recovery, and that question of fact does not arise." [15]

"4. The undisputed evidence in this case shows that Market street has been a public highway for more than half a century, and was paved or macadamized at the public expense ; that the pavement for which the re-assessment was made in this case, was not an original, but a repaving, and hence the cost cannot be recovered from the property holders abutting upon said street, and the verdict of the jury must be for the defendant. *Answer :* To that we say that under the facts of the case, there can be no recovery, and the verdict must be for the defendant." [16]

"6. No ordinance having been passed by the councils of the city of Harrisburg authorizing the paving of Market street with sheet asphalt pavement, there can be no recovery against the defendant in this case. *Answer :* To that we say that we understand this point to mean that the ordinance which was passed and which was claimed authorized the paving of Market street, does not authorize the paving in such a sense that there can be a recovery; and, so understanding it, we affirm the point. We do not intend by that to say that there was no ordinance at all passed, because the proof is that there was an ordinance." [17]

"12. Evidence was given by both plaintiff and defendant as to the manner in which Market street was repaired or kept up; but this evidence is of no importance. The real question on this part of the case is whether the street was paved or macadamized at any time before 1887, and if so the plaintiff cannot recover. *Answer :* To that we say that the real point in the case is that which is stated in this point." [18]

"13. On the whole case the verdict must be for the defendant, and the court is requested to say so, as matter of law. *Answer :* To that we say that we do instruct you, as matter of law, that your verdict in this case must be for the defendant." [19]

Verdict and judgment for defendant. Plaintiff appealed.

*Errors assigned* were (1) admission of evidence, quoting offer,

objection and answer, but not the evidence; (2–19) instructions, quoting points and answers, as above.

*C. H. Bergner*, with him *John E. Patterson*, city solicitor, and *Thomas S. Hargest*, for appellant.—The cost of a public improvement clearly conferring local benefits may be assessed upon the property benefited: Magee v. Com., 46 Pa. 358; Spencer v. Merchant, 100 N. Y. 585; 125 U. S. 345. If this be true as to the original paving, it is equally so as to a repaving where the original paving was paid for by the public. Hammett v. Phila., 65 Pa. 146, is not in conflict with this view.

The power to compel property owners to pave ordinarly extends to compelling them to repave when required by the municipal authority: Wistar v. Philadelphia, 80 Pa. 511; 2 Dillon, Mun. Corp., 4th. ed., § 780; Williams v. Detroit, 2 Mich. 560; Shelley v. Detroit, 45 Mich. 431; McCormack v. Patchin, 53 Mo. 33; Gurnee v. Chicago, 40 Ill. 165; Kokomo v. Mahan, 100 Ind. 242; Jelliff v. Newark, 48 N. J. L. 101; Muncipality v. Dunn, 10 La. An. 57; Olive Cemetery Co. v. Phila., 93 Pa. 129; Erie v. First Universalist Church, 105 Pa. 278.

Macadamizing is not paving, and the words "pave or macadamize," as used in the acts of May 24, 1887, and May 23, 1889, are not convertible.

*L. W. Hall*, of *Hall & Jordon*, for appellee.—The legislature has no authority to authorize a repaving at the expense of the abutting property owners: Protestant Orphans' Asylum's Appeal, 111 Pa. 135; Hammett v. Phila., 65 Pa. 150; Alcorn v. Phila., 44 Pa. 494; and this, even when the original paving has been paid for by the public: Williamsport City v. Beck, 128 Pa. 147; Greenburg v. Laird, 8 Pa. C. C. R. 621.

Macadamizing is paving: Laird v. Greensburg, 138 Pa. 533; Huidekoper v. Meadville, 83 Pa. 156; Dillon, Corp., 4th ed., § 796; Burnham v. Chicago, 24 Ill. 496; Warren v. Henly, 31 Iowa, 31; R. R. Co. v. Spearman, 12 Iowa, 112.

OPINION BY MR. JUSTICE STERRETT, October 3, 1892.

For reasons satisfactory to the court, the judgment, to be entered in this case, was not finally agreed upon until the close of our last regular session in the eastern district.

While the questions raised in the court below and here are quite numerous, the case clearly hinges upon a few undisputed

facts and controlling questions of law which have been argued with great zeal and ability by the learned counsel for the respective parties. These are entitled to special notice; but all subordinate questions become immaterial, and no useful purpose would be subserved by their discussion.

In the fall of 1887, that portion of Market street, in the city of Harrisburg, between Pennsylvania Railroad and Front street was paved with sheet asphalt from curb to curb. The work was done under the direction of the city councils and the cost thereof assessed on the abutting properties according to the foot-front rule. The city then proceeded to enforce payment of the assessments, but on appeal to this court, the act of May 24, 1887, P. L. 204, under which said paving was done, was declared unconstitutional. The act of May 23, 1889, P. L. 272, was afterwards passed; and, under an ordinance of councils, a re-assessment of the cost of said paving was duly made according to the provisions of that act. The defendant, one of the owners of property abutting on the paved portion of said street, having refused to pay the re-assessment against his property, this suit was brought for the purpose of collecting the same.

The defendant's principal contention was that the asphalt pavement, put down as aforesaid in 1887, was in fact a repavement, because that portion of Market street, between Pennsylvania railroad and Front street, on which said asphalt pavement was laid, was improved in 1832 by constructing thereon a macadamized pavement, and by repaving it, in same manner, about sixteen years thereafter; that in the meantime said macadamized pavement was maintained by the city authorities, kept in repair and paid for by the city, and from time to time, as it was needed, money was borrowed to make said pavement and keep the street in repair.

According to the undisputed evidence, the foregoing are substantially the facts, in relation to the improvement of said street, prior to the fall of 1887, and they were virtually accepted as true.

When the evidence referred to was offered, it was objected to for reasons recited in the first specifiation of error: 1. Because the offer is not to show that the work was done at the expense of abutting property owners, or at the expense of properties benefited thereby. 2d. That at the time stated in

the offer, Harrisburg was a borough, without power to improve streets at the expense of abutting properties, etc. 3d. That macadamizing is not paving; and, 4th. That this being a proceeding to collect a re-assessment, there is nothing in issue except the correctness of that re-assessment, or the failure of plaintiff to comply with the act or acts under which the asphalt paving was done. These objections were properly overruled; and, the proposed evidence being admitted, it established beyond all question that Market street was improved, by macadamizing, etc., substantially as claimed by defendant. There was no conflicting testimony, on the subject, that required the submission of any question of fact, relating thereto, to the jury, and hence the macadamizing of Market street in 1832, and again in 1847 or 1848, etc., as above stated, were undisputed facts in the cause.

On the other hand, the plaintiff's contention was that said macadamizing, etc., was in no sense paving within the meaning of our acts of assembly relating to improvement of streets; but, whether it was or not, the property abutting thereon is, in the circumstances of the case, assessable for the cost of the asphalt pavement laid in 1887.

In view of the undisputed facts, as to the manner in which the street was improved and maintained for nearly fifty years, the learned judge, treating the question as one of law for the court and not of fact for the jury, held that said improvement of the street, by macadamizing, etc., as above stated, was a paving within the meaning of the law, and virtually instructed the jury accordingly, by declining to affirm plaintiff's second point, for charge, recited in the third specification, viz.: "The macadamizing of a street in a city is not a paving under the laws of this commonwealth." In this we think he was clearly right, at least so far as the plaintiff's proposition is applicable to the facts of this case. But, as explained in his answer to defendant's first point, he did not mean to say that the paving done in the fall of 1887 and for the cost of which the assessment was made, "was a repaving, in the strict sense of the term, but . . . . that the work was such that, under all the facts in this case, a recovery could not be had against the defendant."

In article VII, section 11 of the act of May 24, 1887, P. L.

218, under which the asphalt paving was done, the words, "cause to be graded, paved and macadamized," and again "paved or macadamized," are employed to designate the general character of the street improvements that were intended to be authorized. The words, "paved, curbed or macadamized with brick, stone or other suitable material," are used for same purpose in the act of April 23, 1889, P. L. 44, authorizing boroughs "to require the paving, curbing and macadamizing of streets," etc. The same words are found in the act of May 16, 1889, P. L. 232, relating to streets, etc., in cities of the second class.

These and other acts of assembly, to which reference might be made, clearly indicate that, in the legislative mind, macadamizing is regarded as a species of paving. The latter word is more general than the former. As popularly understood, a macadamized street is a paved street, but every paved street is not necessarily a macadamized street. According to Webster, pave means "to lay or cover with bricks or stone, so as to make a level or convenient surface for carriage or foot passengers; to floor with brick or other solid material." The same author defines macadamize, "to cover, as a road, way or path, with small broken stones, so as to form a smooth laid surface."

"A pavement," as was said in Burnham v. Chicago, 24 Illinois 496, "is not limited to uniformly arranged masses of solid materials, as blocks of wood or stone, but it may be as well formed of pebbles or gravel or other hard substances, which will make a compact and even hard way or floor." In Huidekoper v. Meadville, 83 Pa. 158, it was said by the learned president of the court below that "paving the gutters with cobble stone, and cartway with broken stone (macadamizing) is a paving within the meaning of the act of assembly."

"The word pave, includes all the usual means to cover streets with stone or brick, so as to make a convenient surface for travel. . . . Authority in a city charter, to pave the streets of the city, confers power to macadamize them:" Warren v. Henly, 31 Iowa, 31.

Laird v. Greensburg, 138 Pa. 533, was a scire facias sur municipal lien for curbing and paving a borough street under the act of April 23, 1889, P. L. 44. An affidavit of defence was interposed, averring that, many years before the last im-

provement was undertaken, the street in question was macadamized, and thereafter kept in repair, at the public expense, etc.   Plaintiff, contending that the affidavit of defence was insufficient, denied that macadamizing, as averred therein, was an original paving within the meaning of our decisions; but the learned president of the 40th district, in an instructive opinion, discussing at length the meaning of the words, pave, macadamize, etc., and citing authorities relating thereto, held that " the averment of macadamizing is an averment of paving within the meaning of the act of assembly and the decisions in that behalf." He accordingly discharged the rule for judgment, etc., and in that he was sustained by this court.

But, after all, so far as the defence, relied on in this case, is concerned, the controlling consideration is not so much whether the prior improvement of Market street, by macadamizing, etc., as above stated, was, in the strict sense of the word, a paving thereof, as whether, by said improvement,the street was changed from an ordinary clay road into a good, reasonably smooth and substantial artificial highway, practically equivalent to an ordinarily well improved street, paved with cobble stone or other materials then used for paving. The undisputed facts prove conclusively that it was. In view of those facts, it cannot be doubted that, for strength, durability and all practical purposes, it was superior to many improved streets paved, for the first time within the last decade or two, with wooden blocks, asphalt (so-called) and other materials for which fancy prices have been charged and collected from abutting property owners.

The further and main contention of plaintiff, however, is that, notwithstanding the prior improvement of the street may be regarded as a paving within the meaning of the law, still the abutting property is assessable for the cost of the asphalt paving, because the cost of the macadamizing was not charged against the abutting property or paid by the owners thereof. If that had been done, it is practically conceded that, under the authority of Hammett v. Philadelphia, 65 Pa. 146, and that special line of cases, the plaintiff would not be entitled to recover.

At first blush, there is apparent plausibility in the position, that the expense of one paving,at least, should, at some time or other, be charged against and paid by owners of the abut-

ting property; but, in view of the principle underlying Hammett v. Philadelphia, and the whole line of cases, including Williamsport v. Beck, we think the position is more plausible than sound. That underlying principle is an exception to the general and almost universal rule that the cost of making and maintaining public improvements must be borne by the public. In the case of paving public streets, the circumstances which create the exception and justify its application exist only when the street is first improved by paving or macadamizing it. The reason for this cannot be better given than by quoting the vigorous language of Mr. Justice SHARSWOOD in Hammett v. Philadelphia. " The original paving of a street brings the property bounding upon it into the market as building lots. Before that, it is a road, not a street. It is therefore a local improvement, with benefits almost exclusively peculiar to the adjoining properties. Such a case is clearly within the principle of assessing the cost on the lots lying upon it. . . . But, when a street is once opened and paved, thus assimilated with the rest of the city and made a part of it, all the peculiar benefits to the locality, derived from the improvements, have been received and enjoyed. Repairing streets is as much a part of the ordinary duties of the municipality—for the general good— as cleaning, watching and lighting. It would lead to monstrous injustice and inequality should such general expenses be provided by local assessments. . . . Local assessments can only be constitutional when imposed to pay for local improvements, clearly conferring special benefits on the properties assessed, and to the extent of those benefits. They cannot be so imposed when the improvement is either expressed or appears to be for the public benefit."

The force of this language cannot be fully appreciated without considering the preceding portions of the opinion, wherein the constitutional authority of the legislature to confer upon municipal corporations the power of assessing the cost of local improvements, upon the properties specially benefited thereby, is discussed, the history of its exercise outlined, its necessary limitations, and the dangers of its abuse, etc., pointed out. In that connection it is said: " Whenever a local assessment upon an individual is not grounded upon and measured by the extent of his particular benefit, it is pro tanto, a taking of his

private property for public use without any provision for compensation."

The principle, recognized and so strongly emphasized in Hammett v. Philadelphia, has been adhered to ever since. It was not our intention either to depart from or to qualify it in Williamsport v. Beck, or in any other case ; nor, are we convinced that we have done so. To hold, as we have been urged to do, in this case, that the owners of property abutting on Market street are liable for the cost of the asphalt paving, merely because the expense of the original paving or macadamizing in 1832 was not paid by the then owners, but by the public of which they were part, would be a sad departure from the principle of all our cases. It was competent for the legislature, prior to 1832 or even since, perhaps, to have provided that the special local benefit to said property, resulting from the first macadamizing of the street, should, to an extent not exceeding such special benefit, be assessed against the same and paid by the owners thereof, but no such provision was made. The then owners presumably enjoyed the special benefit, resulting from the improvement, in the shape of enhanced value of their respective properties, and all that they paid, as an equivalent therefor, was their respective shares of the public taxes, part of which was doubtless used in paying for that and other similar improvements. They were the persons who enjoyed the special local benefit, and, when they disposed of their respective properties, they doubtless realized the same in the shape of enhanced value thereof. It was then and not since, that the particular benefits to the locality, derived from the improvement of the street, were received and enjoyed. No such special local benefit could or did accrue, by reason of subsequent improvements, to those who afterwards became owners of the respective properties. What justice then, would there be in taxing those who owned the property in 1887, for benefits which neither they nor their property received—benefits which only those who owned the property nearly sixty years ago, when it was first macadamized, enjoyed and received ? Assessment for special local benefits, if exercised at all, must be exercised at or near the time the benefits accrue. No such special local benefit did or could accrue to the then abutting owners

by reason of the paving in 1887, as would justify an assessment against their respective properties. The improvements and repairs that were made after the first macadamizing, whereby the street was changed from a clay road to a good, substantial and durable paved street, were made for the general public benefit, and should be paid out of the public funds. The asphalt paving in 1887 was no doubt beneficial to abutting property, as all repairs and improvements are, but it is equally clear that it was beneficial to the general public as well, and did not confer that *special* local benefit on abutting property that results from original paving, and, according to Hammett v. Philadelphia, justifies a special assessment for local benefits. The line must be drawn somewhere, and that case has drawn it at the first paving, from which, and at which time alone, can any clearly appreciable special local benefit accrue to abutting property; and we propose to let it remain there. To do otherwise, would result in incalculable mischief and oppression. The average councilman is easily influenced to vote public improvements, to be paid for, not by his constituents at large, but by assessment of supposed special benefits, accruing therefrom, on abutting or adjacent property; and the obliging contractor always stands ready to make such improvements, at bottom prices, and thereby enrich the fortunate owners of the property thus specially benefited—in theory at least.

It is not necessary to notice other authorities cited and relied on by counsel. Enough has been said to indicate our reasons for affirming the judgment of the common pleas.

The first specification relates to the offer of evidence, therein referred to, to prove that Market street was improved by macadamizing in 1832 and again in 1848, etc. We think it was both relevant and competent and hence the specification is not sustained.

The second to eleventh specifications, inclusive, complain of the learned judge's answers to plaintiff's points for charge, recited therein. We discover no error in either of said answers; and hence the specifications are not sustained. Nor do we think there is any error in the instructions complained of in the twelfth specification.

The remaining specifications—13th to 19th both inclusive—

complain of the court's answers to defendant's points, for charge, recited therein respectively. In view of the undisputed facts of the case, we think the answers referred to are each substantially correct. Neither of the specifications is sustained.

Judgment affirmed.

[See also the next case.]