Mt. Lebanon Township *v.* Scheck, Appellant.

190

Argued April 23, 1946. Before BALDRIGE, P. J., RHODES, HIRT, RENO, DITHRICH, ROSS and ARNOLD, JJ.

*Edwin B. Goldsmith,* for appellant.

*Samuel A. Schreiner,* for appellee.

OPINION BY DITHRICH, J., July 19, 1946:

Plaintiff, a first class township, issued a writ of scire facias sur municipal claim against defendant for improvement of the street abutting her property. Defendant filed an answer, and plaintiff obtained a rule for judgment for want of a sufficient affidavit of defense. Defendant filed a supplemental answer and plaintiff again entered a rule for judgment for want of a sufficient

affidavit of defense. After argument, the rule was made absolute and judgment was entered in favor of plaintiff. Defendant appeals.

Cochran Road, on which defendant's property abuts, one of the main highways in the township, was originally built and maintained by the County of Allegheny. It was graded to a width of 30 feet and macadamized to a width of 18 feet in the center. In 1938, it was agreed between the county and the township that the county would vacate that portion of the road which lay within the township limits and the township would "take it over," "reconstruct," and "widen" it. It was further agreed that the county would grant aid to the township for the road improvement in the sum of $38,000. The township then enacted an ordinance authorizing and directing the grading and paving of the road with the necessary drainage, and providing for assessment and collection of a portion of the costs and expenses from the owners of real estate abutting thereon. More specifically, the ordinance provided that the road be graded to a width of 50 feet and paved to a width of 34 feet; that the cost and expense of grading, paving, and drainage for 27 feet of the width be paid by the township and the county aid; that the cost and expense of the remaining 7 feet (3½ feet on each side) be assessed upon the abutting property owners, by equal assessment on the foot front, and be collected in the manner provided in Sections 2060-2063 of The First Class Township Law of June 24, 1931, P. L. 1206 as amended, 53 P. S. §§19092-2060-2063. The work was completed, the assessment made, and the municipal claim for $482.52, with interest, was filed against defendant on May 5, 1939. The writ of scire facias was issued April 27, 1944.

The municipal claim describes the kind and character of the work done as ". . . the grading, paving with necessary drainage of a portion of the cartway of Cochran Road three and one-half (3½) feet wide along each curb line, . . ." In the affidavit of defense it is denied

that the kind and character of the work done was ". . . the grading and paving with the necessary drainage . . ." and, on the contrary, it is averred that: "Many years prior to the 'reconstruction' for which the lien is filed, Cochran Road had been paved and macadamized at public expense and was at the time of said 'reconstruction' in reasonably good condition and repair and had for at least 30 years been repaired and maintained at public expense and therefore the work done, for which said lien is filed, was a repaving and not assessable." That the work done was not an *original paving* but a *repaving* is the principal contention of the appellant. The question involved is whether the averment as to repaving in the affidavit of defense was sufficient to entitle appellant to a trial by jury.

Appellant argues that the macadamized county road which the township took over should be considered as already paved, and cites several authorities to the effect that an assessment can be made for an original paving but not for a repaving. This principle of road law is well recognized: *Harrisburg v. Segelbaum,* 151 Pa. 172, 24 A. 1070; *Pottsville v. Jones,* 63 Pa. Superior Ct. 180. However, it has no application to the facts developed in the instant case. Equally well established is the principle that where a street is widened, the cost of paving that portion of its width which is paved for the first time is assessable against the abutting property owners: *In re Petition of Pittsburgh,* 79 Pa. Superior Ct. 401; *Philadelphia v. Ginhart,* 48 Pa. Superior Ct. 648. This latter principle is obviously the one that applies to the facts here presented. The agreement between the county and township, printed in the appendix to appellant's brief, states that the township will widen as well as reconstruct the road. The ordinance, of which we take judicial notice (Act of April 8, 1941, P. L. 16, 28 P. S. §301), makes specific provision for the paving of the portion added to the width of the road. The municipal claim specifically avers that the claim is filed for the

grading, paving with necessary drainage of a portion of the cartway 3½ feet wide. The affidavit generally denies that the work done was an original paving and avers that it was a repaving. No mention is made of the fact that the road was widened; there is no averment that the 3½ feet for which the lien was filed had been previously paved. Failing to state in detail the facts necessary to answer the averments in the claim, the affidavit of defense was insufficient. Summary judgment was properly entered, for it is manifest from the record that there existed no meritorious defense to the claim. Cf. *City of Erie v. Butler,* 120 Pa. 374, 14 A. 153; *City of Phila. v. Wells,* 94 Pa. Superior Ct. 512; *Phila. to use v. Eddleman,* 169 Pa. 452, 32 A. 639.

Appellant contends that the answer was sufficient for the reason that it questioned the legality of the ordinance. The tenth paragraph of the supplemental affidavit of defense reads in part as follows: ". . . the defendant avers that the ordinance upon which said lien is based providing for the assessment of abutting property for the grading and paving of 3½ feet along each curb line is arbitrary, improper and illegal as said work was done under the same contract as the center 27 feet of said road, and the whole 34 feet was for the benefit of the general public." There is no merit to this averment. The ordinance was clearly within the authority of The First Class Township Law, supra, §2060, 53 P. S. §19092-2060, which provides in part: "Townships . . . may grade, curb, gutter, pave, macadamize, or otherwise improve, roads, streets, lanes and alleys, or parts thereof, or a particular width or additional widths thereof . . ." The fact that the ordinance provided for the reconstruction and widening of the road as a single improvement did not affect its validity. The ordinance was not invalid as containing more than one subject, though it included provisions for the repaving of the road and the original paving of that portion of its width

194

which was to be improved for the first time: *In re Petition of Pittsburgh,* supra; *Philadelphia v. Ginhart,* supra.

The judgment is affirmed.