Philadelphia to use, *v.* Pachelli, Appellant.

Argued September 27, 1950. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS, ARNOLD and GUNTHER, JJ.

*James H. McHale,* for appellant.

*Michael H. Egnal,* for appellee.

OPINION BY ROSS, J., November 14, 1950:

This municipal claim was filed in the name of the City of Philadelphia against the defendant for improvement of the street abutting his property. A writ of scire facias sur municipal lien was issued, to which the defendant filed an affidavit of defense. The use-plaintiff, Eastern Asphalt Company, obtained a rule for judgment for want of a sufficient affidavit of defense, and the court below, although it sustained the use-plaintiff's objections to the affidavit of defense, granted the defendant leave to file an amended affidavit. Defendant filed an amended affidavit of defense, and the use-plaintiff again entered a rule for judgment for want of a sufficient affidavit of defense. After argument, the rule was made absolute and judgment entered

in favor of the use-plaintiff. From that judgment the defendant appeals.

The municipal claim is for work done and materials furnished under a contract between the City of Philadelphia and the use-plaintiff pursuant to an ordinance passed by the city council on March 23, 1949. This ordinance authorized the "paving of the track area and the repaving of the intersections of Sixty-third Street, from Lansdowne Avenue to Lebanon Avenue and the resurfacing of the shoulders of Sixty-third Street", and provided further: "It shall be a condition of the contract that the contractor shall accept assessment bills for any portion of the work which is legally assessable according to law". Since only original paving as distinguished from repaving or resurfacing is "legally assessable" against abutting property owners (*Mt. Lebanon Township v. Scheck,* 159 Pa. Superior Ct. 189, 48 A. 2d 53; *Philadelphia to use v. Eddleman,* 169 Pa. 452, 32 A. 639; *Harrisburg v. Segelbaum,* 151 Pa. 172, 24 A. 1070; *Hammett v. Philadelphia,* 65 Pa. 146), it is clear that the use-plaintiff is seeking to recover only for the work done in the track area as this is the only *paving* authorized by the ordinance.

The principal contention of the defendant is that the work done was not an *original paving* but rather a *repaving* for which he cannot be assessed, and the question before us is whether the amended affidavit of defense sets out this defense with sufficient particularity to entitle the defendant to have a jury pass on it. It is our conclusion that this question must be answered in the negative as it was in the court below. The amended affidavit of defense avers that by ordinance dated April 6, 1911, as amended by ordinance of May 15, 1912, the Department of Public Works of the City of Philadelphia was authorized to enter into contracts with competent pavers to pave Sixty-third Street; and that said ordinances provided that the cost of said paving should

be assessed against the owners of property fronting on Sixty-third Street. The affidavit continues, "The defendant is informed, believes and therefore avers that pursuant to the authority of the said Ordinances" the Department of Public Works entered into a contract with the Union Paving Company, dated October 1, 1912, wherein the said Company agreed to pave Sixty-third Street and accept assessments against owners of property fronting on said street as payment. It is further averred: "The defendant is informed, believes and therefore avers that in accordance with the Ordinance referred to in paragraph 4 hereof, and in accordance with the contract between the City of Philadelphia and the Union Paving Company referred to in paragraph 5 hereof", Sixty-third Street was paved by the said company and the cost thereof was assessed against and paid by "the owners of property fronting on Sixty-third Street".

There is a presumption against the existence of a former city paving, and the burden is on the property owner to show that he is entitled to an exemption from assessment. *Philadelphia to use v. Burk,* 288 Pa. 383, 135 A. 635. Specifically, the burden was on the defendant—if he is to maintain his chosen defense—to aver, inter alia, that there had been an original paving of the *track area* of Sixty-third Street at some prior time and that the abutting owners had paid assessments for such paving. This burden is not met merely by quoting a prior ordinance authorizing the "paving of Sixty-third Street" and then averring upon information and belief that pursuant to such ordinance a contract was entered into, the paving done and the assessments therefor paid by the abutting property owners. That more particularity is required is apparent from the cases discussing the question. In *Philadelphia to use v. Scholl,* 68 Pa. Superior Ct. 404, the property owner seeking an exemption averred in his affidavit of defense that the street

in front of his property (Sixty-third Street in the City of Philadelphia) was paved with Teleford, having brick gutters and cement curbstones; that such paving had been paid for by the property owners at the time it was laid. The trial court entered judgment for want of a sufficient affidavit of defense and this Court affirmed that judgment, stating at page 414: "The difficulty with the appellant's affidavit is that it does not state when this supposed paving was laid, the *name* of any property owner who paid for it, or the municipal authority under and through which this paving was laid, . . . or the acts by which the city subsequently ratified and adopted it as an original paving. . . . The statement as contained in the affidavit is too general." (Italics supplied.) The instant affidavit avers on information and belief that the contract to pave was entered into on a specific date but fails to aver when, if ever, the contract was performed; it names no property owner who paid an assessment for the alleged paving. In *Mt. Lebanon Township v. Scheck*, supra, 159 Pa. Superior Ct. 189, 48 A. 2d 53, the claim was for work and materials expended in widening the street on which the defendant's property abutted. The township assumed the cost of paving a part of the additional width and the defendant was assessed for $3\frac{1}{2}$ feet of paving. The amended affidavit of defense averred that the street had previously been paved and macadamized at public expense and therefore the work done, for which said lien was filed, was a repaving and not assessable. This Court, speaking through Judge DITHRICH, stated at page 193: "The affidavit generally denies that the work done was an original paving and avers that it was a repaving. No mention is made of the fact that the road was widened; there is no averment that the $3\frac{1}{2}$ feet for which the lien was filed had been previously paved. Failing to state in detail the facts necessary to answer the averments in the claim, the affidavit of defense was insuf-

ficient. Summary judgment was properly entered, for it is manifest from the record that there existed no meritorious defense to the claim." In the instant affidavit there is no averment that the *track area* for which the lien was filed had been previously paved, and it is clear that the averments in the claim cannot be answered without such an averment in the affidavit of defense.

The other contentions of the defendant need be mentioned only briefly. He argues that an ordinance adopted by city council on September 25, 1946, conclusively shows that it recognized the paving existing on Sixtythird Street as a permanent original paving. That ordinance authorized the Director of Public Works to enter into contracts for the *repaving, resurfacing* or *improving* of certain streets or any part thereof, and included "Sixty-third Street from Lancaster Avenue to Lansdowne Avenue" in the streets enumerated. Aside from the objection that the ordinance does not refer specifically to the *track-area* of Sixty-third Street, there is the difficulty that, for all that appears, Sixtythird Street may have been one of the streets City Council contemplated "improving" as distinguished from "repaving" or "resurfacing". Defendant further contends that under a contract of 1907 between the City of Philadelphia and the Philadelphia Rapid Transit Company, an agreement was made whereby the company agreed to repave or replace all pavement which was removed or damaged by any construction or repair work undertaken by the company; and that a substantial part of the work done on Sixty-third Street, for which the present municipal claim was filed, was work done in the track area, and was made necessary because the company had replaced its ties and tracks, together with the foundation thereof. Consequently, defendant argues that the Philadelphia Transportation Company—suc-

cessor to the Philadelphia Rapid Transit Company—is liable for the cost of replacing and repairing the pavement removed or damaged by any construction or repair work. However, it will be noted that the defendant does not even contend that the obligation of the company was to *pave* the streets upon which its tracks are laid. To sustain the defendant's present contention he must be granted a premise that is not alleged, i.e., that the track area of Sixty-third Street had been paved prior to the ordinance of March 23, 1949.

Where a defect in a pleading may be cured by amendment, a final judgment should not be entered without affording an opportunity to amend. *Holladay v. Fidler,* 158 Pa. Superior Ct. 100, 43 A. 2d 919. In this case, not only was the defendant given an opportunity to amend but the learned court below, in its opinion sustaining the use-plaintiff's objections to the original affidavit of defense and allowing the defendant an opportunity to amend, pointed in what particulars the original affidavit was defective, and stated, inter alia: "The defendant property owner who seeks to rely upon the defense that the work done was a repaving, and not an original paving, must specifically aver the facts on which he relies. Thus, he should aver the date when the original paving was done, the nature of the materials used in connection with the original paving, and all other relevant circumstances relating thereto. Our courts have uniformly imposed the burden of proof upon the property owner to present all matters necessary to show that the former paving was an original pavement entitling him to exemption from re-assessment for the subsequent pavement." Since it may be assumed, as a general proposition, that a defendant will state his case as strongly in an affidavit of defense as the facts will warrant (*Philadelphia v. Baker,* 140 Pa. 11, 21 A. 238), it must be concluded that the defendant

was unable to draft his amended affidavit in more specific language and, as a result, it is not sufficient to entitle him to a trial by jury.

Judgment affirmed.