**Lee v. Denner**

*Sidney D. May,* for plaintiffs.
*Richard Adamson,* for defendant.

WORTHINGTON, *J.,* May 16, 2005—This matter comes before us on preliminary objections filed by Ronald E. Lee Jr., Lissa Lee, and their minor children, Tamara Lee and Amanda Huss (plaintiffs), in response to a new matter filed by Lidia Denner (defendant) on December 29, 2004, in this civil action arising from a two-vehicle accident in which plaintiffs and defendant were involved.

The complaint, filed on September 16, 2004, alleged that on November 24, 2002, plaintiff, Ronald E. Lee Jr., the owner/operator of a 1994 Jeep Cherokee, was operating the Jeep southbound on Route 447, with plaintiffs Tamara Lee and Amanda Huss as passengers, when defendant, the owner/operator of a Mercury Gránd Marquis, who was operating the Mercury northbound on Route 447, crossed into plaintiffs' lane of travel, causing a collision between the Mercury and the Jeep. Count I of the complaint avers that plaintiff, Ronald E. Lee Jr., suffered numerous injuries as a result of defendant's carelessness, recklessness and negligence, and continues to suffer from pain, discomfort, frustration and anxiety, and has suffered a loss of earnings as a result of the collision. Count II avers that plaintiff, Lissa Lee, suffered a loss of consortium of her husband as a result of defendant's carelessness, recklessness, and negligence. Counts III and IV aver that plaintiffs, Tamara Lee and Amanda Huss, minors, by and through their parents and natural guardians, Ronald E. Lee Jr. and Lissa Lee, suffered injuries

as a result of defendant's carelessness, recklessness and negligence, and continue to suffer from pain, discomfort, frustration and anxiety. The plaintiffs in all counts demanded an unliquidated sum in excess of the jurisdictional requirements for mandatory arbitration from defendant, plus interest and costs.

Defendant filed an answer and new matter on December 23, 2004. In her answer, defendant denied all pertinent allegations by claiming that she was without sufficient knowledge or information to form a belief as to the truth of plaintiffs' averments. Defendant further claimed to have no memory of the events leading up to the collision. In her new matter, defendant asserted that plaintiffs' claims are barred by the applicable statute of limitations; plaintiffs' claims are barred, in whole or in part, by applicable provisions of the Pennsylvania Motor Vehicle Financial Responsibility Law; and that the accident and plaintiffs' injuries and damages, if any, were caused by the superseding intervening acts of a third person or entity other than defendant.

Plaintiffs filed preliminary objections to defendant's new matter on December 29, 2004. Plaintiffs' motion to strike is premised on the allegation that defendant's new matter violates the pleading requirements set forth in Pennsylvania Rule of Civil Procedure 1019(a). Plaintiffs claim that the averments and contents of paragraph 35 of defendant's new matter, which reads, "the accident and plaintiff's injuries and damages, if any, were caused by the superseding intervening acts of third person [sic] or entities other than defendant," are impermissible and insufficiently specific. Furthermore, such a broadly stated affirmative defense exposes the objecting plaintiffs to

the danger of having defendant offer proof at trial of any number of conceivable "third person[s] or entities" who would fall within the general language of these impermissibly broad allegations beyond the expiration of the statute of limitations, in violation of Pa.R.C.P. 1019(a). Plaintiffs therefore request that we strike paragraph 35 of defendant's new matter.

In her reply to plaintiffs' preliminary objections, filed on January 11, 2005, defendant notes that pursuant to Pennsylvania Rules of Civil Procedure 1030 and 1032, she was required to plead her affirmative defenses to plaintiffs' complaint in her new matter or they would be waived. Defendant further argues that Rule 4003.1 gives plaintiffs the opportunity, through discovery, to investigate any affirmative defenses that defendant has raised. In fact, defendant proposes that it is possible that she may find, through discovery, that plaintiffs have knowledge of a superseding, intervening act that caused the harm to the plaintiffs, yet she would be precluded from raising it at trial if she failed to plead this defense now. Defendant thus claims that the defense she raised in paragraph 35[1] is not in violation of Rule 1019(a) because the material facts upon which the defense is based may ac-

---

1. Defendant consistently refers to paragraph 35 as paragraph 19. We recognize the error as one that arises from the fact that defense counsel is representing defendant in two lawsuits brought by two different sets of plaintiffs, both of whom were involved in the same car accident. Defendant has issued identical new matters in both cases and the same preliminary objections to her new matters were filed by plaintiffs' counsel in both cases. Paragraph 19 is the paragraph called into question by plaintiffs in the case of *Carlton v. Denner,* 6354 CV 2004. We recognize that this is a clerical error, and defendant more properly meant to cite paragraph 35.

tually be known to plaintiffs. Defendant therefore contends that it is she, not plaintiffs, who would be prejudiced if plaintiffs' motion to strike is granted because she would be precluded from asserting a potential defense that may be supported solely by evidence in plaintiffs' possession.

Finally, defendant argues that plaintiffs' substantive interests would not be placed in serious jeopardy by permitting defendant to assert, at this time, that it was the superseding, intervening acts of another person or entity that caused the accident because plaintiffs will be permitted, through discovery, to investigate the defendant's allegation. Moreover, defendant cannot call any witnesses at trial without notifying plaintiffs of their existence. Therefore, plaintiffs will have the opportunity to independently interview or depose any witnesses defendant may call at trial to support her assertion that the intervening acts of another caused the accident. For the foregoing reasons, defendant requests that we deny plaintiffs' motion to strike paragraph 35 of her new matter.

Both parties submitted briefs, and on March 7, 2005, we issued an order declaring that we would review this matter based upon the parties' briefs without hearing oral argument. We are now ready to dispose of plaintiffs' preliminary objection.

In ruling on preliminary objections, we recognize that we must accept as true all well-pleaded, material and relevant facts. *Mellon Bank v. Fabinyi,* 437 Pa. Super. 559, 567, 650 A.2d 895, 899 (1994). We need not accept as true, however, "conclusions of law, unwarranted inferences from the facts, argumentative allegations or

expressions of opinion." *Myers v. Ridge,* 712 A.2d 791, 794 (Pa. Commw. 1998). When ruling on a preliminary objection that would dismiss the action, we are mindful to sustain the objection only in the clearest of cases. *King v. Detroit Tool Co.,* 452 Pa. Super. 334, 337, 682 A.2d 313, 314 (1996). Alternatively, a motion to strike a pleading may be granted when lack of conformity to a law or a rule of court occurs. Pa.R.C.P. 1028(a)(2). Such a motion is therefore the proper way to object to formal errors in a pleading. See *Commonwealth ex rel. Sheppard v. Central Penn National Bank,* 31 Pa. Commw. 190, 375 A.2d 874 (1977). With these standards in mind, we now address plaintiffs' preliminary objection to defendant's new matter.

The sole issue to be resolved is whether paragraph 35 of defendant's new matter violates the pleading requirements of Pennsylvania Rule of Civil Procedure 1019(a). Paragraph 35 states: "The accident and plaintiff's injuries and damages, if any, were caused by the superseding intervening acts of third person [sic] or entities other than defendant." Rule 1019(a) requires that "the material facts on which a cause of action or defense is based shall be stated in concise and summary form." Pa.R.C.P. 1019(a); see also, *Laursen v. General Hospital of Monroe County,* 259 Pa. Super. 150, 393 A.2d 761 (1978). Pennsylvania is a fact pleading state. Pleadings in a "fact pleading" jurisdiction serve several functions: not only must pleadings put an opponent on notice of what he will be called upon to meet at trial, they must also form the issues in an action so that the proof at trial may be restricted to those issues. See *Connor v. Allegheny General Hospital,* 501 Pa. 306, 461 A.2d 600 (1983); *Hustey*

*v. Hustey,* 76 Luz. Reg. Reports 199 (1986). Furthermore, pleadings are to be construed against a pleader; on the theory that he has stated his case as best he can, any conflicts or ambiguities are to be interpreted against him. See *Philadelphia v. Pachelli,* 168 Pa. Super. 54, 76 A.2d 436 (1950).

Plaintiffs ultimately claim that if the overly broad, conclusory allegations contained in paragraph 35 of defendant's new matter are allowed to remain, they would place plaintiffs' substantive interests in serious jeopardy. The language of the affirmative defense in question denies plaintiffs the right to know what defendant intends to prove at trial and consequently denies plaintiffs the ability to adequately prepare because there is no reference to the identity of the alleged "third person[s] or entities" who may have caused the collision. Therefore, plaintiffs request that we strike paragraph 35 of defendant's new matter.

Defendant, conversely, claims that we should deny plaintiffs' motion to strike because she has complied with all relevant Rules of Civil Procedure in pleading her new matter. Rule 1019(a), which plaintiffs use to support their argument, states that "the material facts on which a defense is based shall be stated in concise and summary form." Pa.R.C.P. 1019(a). Defendant claims she has met this requirement by concisely stating the basis for her defenses, that the superseding intervening acts of another caused the accident. She argues that she is under no obligation to refer to specific individuals or entities having knowledge of this affirmative defense in her pleadings. Defendant argues that paragraph 35 was intended simply to put the plaintiffs on notice that she

may raise this defense to the allegations against her in the complaint. If she did not raise this potential defense now, she would be precluded from raising it at a later time.

Defendant further argues that plaintiffs will have access to the facts supporting her defense that are within her knowledge during the discovery process. If there are witnesses to support her defense that it was the superseding intervening act of another individual that caused the accident, then plaintiffs will determine the identity of those individuals through discovery. Moreover, it is the defendant, not the plaintiffs, who would be prejudiced if paragraph 35 were stricken from her pleadings. Defendant may learn of information that supports her affirmative defense during the discovery process. However, she would be precluded from raising this defense at trial if she failed to assert it with her other affirmative defenses in her new matter. By striking paragraph 35 from defendant's pleadings, she would be denied the ability to present this defense to a jury, in which case she would be severely prejudiced.

A trial court has broad discretion in determining the amount of detail that must be averred in a pleading, because the standard of pleadings set forth in Rule 1019 does not lend itself to precise measurement. See *United Refrigerator Co. v. Applebaum,* 410 Pa. 210, 213, 189 A.2d 253, 255 (1963). In order to dispose of plaintiffs' preliminary objection, our necessary determination is whether defendant must plead in her new matter the material facts upon which her affirmative defense is based. Although there are no recorded appellate decisions addressing this issue and the decisions by the vari-

ous courts of common pleas are divided in their holdings, we find in the affirmative.

The issue before us demands a consideration of the requisite specificity of pleadings. Pennsylvania Rule of Civil Procedure 1019(a) provides that "the material facts on which a cause of action or defense is based shall be stated in a concise and summary form." Pa.R.C.P. 1019(a). In support of their preliminary objection, plaintiffs argue the applicability of *Connor v. Allegheny General Hospital,* 501 Pa. 306, 461 A.2d 600 (1983). *Connor* has been used by the Pennsylvania courts to preclude general allegations in complaints. *Connor* stands for the proposition that general averments in a complaint should be remedied by preliminary objections, which operate to have the offending averment stricken and later amended. The objectionable alternative would be to have both parties embark upon a course of extended discovery that would hopefully assure that there are no unpled facts that would support a new claim. See *Allen v. Lipson,* 8 D.&C.4th 390, 393 (1990). The court in *Connor* reasoned that the former option is not only easier, but more likely to guarantee the desired result of eliminating surprise on the eve of trial than the latter.

Plaintiffs seem to infer that the pleadings at issue here are analogous to the pleadings in *Connor* and that we should therefore apply the *Connor* holding to defendant's factually void affirmative defense in her new matter. We agree. Plaintiffs should have the same recourse in dealing with the factually unsupported allegations contained in defendant's new matter to minimize the chance that they will have to defend a surprise claim or defense at trial. It is our determination that to hold otherwise "would

put the onus on plaintiffs to conduct extensive discovery to disprove a factually unsupported allegation rather than requiring defendant, who asserted the allegation, to marshal the facts to support it." *Allen v. Lipson,* 8 D.&C.4th 390, 393 (1990). We find that the party asserting the allegation, the defendant in this case, should bear this burden.

The Rules of Civil Procedure are in place to ensure that a new matter not only gives the opposing party notice of any affirmative defenses, but also makes clear the grounds upon which it rests by including a summary of the facts essential to support that defense. See *Alpha Tau Omega Fraternity v. University of Pennsylvania,* 318 Pa. Super. 293, 298, 464 A.2d 1349, 1352 (1983); *Clemleddy Construction Inc. v. Yorston,* 810 A.2d 693, 696 (Pa. Super. 2002), citing *Denlinger Inc. v. Agresta,* 714 A.2d 1048, 1050 (Pa. Super. 1998); see also, Pa.R.C.P. 1019(a). More precisely, Rule 1019(a) requires that "the material facts on which a cause of action or defense is based shall be stated in a concise and summary form." Pa.R.C.P. 1019(a). Thus, the purpose of 1019(a) is to require the pleader to disclose the " 'material facts' sufficient to enable the adverse party to prepare his case." *Baker v. Rangos,* 229 Pa. Super. 333, 349, 324 A.2d 498, 505 (1974), citing *Landau v. Western Pennsylvania National Bank,* 445 Pa. 217, 225, 282 A.2d 335, 339 (1971). The term "material facts" has been defined as "those facts essential to support the claim" raised in the matter. *Baker v. Rangos,* 229 Pa. Super. 333, 349, 324 A.2d 498, 505 (1974). A pleading therefore must do more than simply give the adverse party fair notice of what his claim or defense is and the grounds upon which it rests; it should,

instead, formulate the issue by fully summarizing the material facts.

We find that plaintiffs are unable to adequately confirm or deny the allegations in defendant's new matter without the benefit of further facts. We do not think the parties should be forced to proceed to discovery until further specificity is provided by defendant regarding her affirmative defense that "the accident and plaintiff's injuries and damages, if any, were caused by the superseding intervening acts of third person [sic] or entities other than defendant." Our holding today is narrowly constrained. Certain defenses, such as pleading intervening and superseding acts of others, require more specificity than others. *Fitzgerald v. Kaguyutan,* 18 D.&C.4th 1, 3 (1993). We therefore find that defendant's new matter does not comply with the pleading requirements because the statement set forth in paragraph 35 is not sufficiently specific to set forth the grounds for defendant's affirmative defense. *Id.,* citing *Conley v. Gibson,* 355 U.S. 41, 47, 78 S.Ct. 99, 103, 2 L.Ed.2d 80 (1957).

We render our decision today in light of the language of Rule 126, which allows courts to liberally interpret the pleading rules and directs that the Pennsylvania Rules of Civil Procedure be "construed to secure the just, speedy and inexpensive determination of every action or proceeding to which they are applicable." Pa.R.C.P. 126; see also, *Omicron Systems Inc. v. Weiner,* 2002 WL 452238 (Pa. Com. Pl. 2002), citing *St. Hill & Assocs. P.C. v. Capital Asset Research Corp.,* no. 5035, 2000 WL 33711023, *1 (Pa. Com. Pl. 2000). A motion for a more specific pleading designed to enforce Pa.R.C.P. 1019, as

is plaintiffs' motion in the present case, is available so that a plaintiff's right and ability to answer and defend will not be unduly impaired by a defendant's vagueness in stating the grounds of his affirmative defense. See *Local No. 163, International Union v. Watkins,* 417 Pa. 120, 207 A.2d 776 (1965). For the reasons set forth in this opinion, we hereby grant plaintiffs' preliminary objection in the nature of a motion to strike paragraph 35 of defendant's new matter. Defendant is granted leave to amend the allegations with specificity.

Accordingly, we enter the following:

## ORDER

And now, May 16, 2005, in consideration of the preliminary objection filed by plaintiffs to defendant's new matter, it is ordered as follows:

(1) Plaintiffs' preliminary objection in the nature of a motion to strike paragraph 35 of defendant's new matter is granted, and defendant is granted leave to amend paragraph 35 of her new matter with specificity within 20 days of the date of this order.