**ELIZABETH TOWNSHIP SANITARY AUTHORITY, Appellant**

v.

**Jeffrey MIGNOGNA and Chong Mignogna.**

Commonwealth Court of Pennsylvania.

Argued April 15, 2013.

Decided May 21, 2013.

Amy R. Schrempf, Pittsburgh, for appellant.

Joseph G. Heminger, Pittsburgh, for appellees.

BEFORE: McGINLEY, Judge, McCULLOUGH, Judge, and FRIEDMAN, Senior Judge.

OPINION BY Senior Judge FRIEDMAN.

The Elizabeth Township Sanitary Authority (Authority) appeals from the September 24, 2012, order of the Court of Common Pleas of Allegheny County (trial court), which dismissed with prejudice the Authority's amended municipal lien (Lien) filed against property that is located at 2210 Bea–Mar Drive, McKeesport (Property) and is owned by Jeffrey Mignogna and Chong Mignogna (collectively, the Mignognas). We affirm.

On March 22, 2006, the Authority filed the Lien seeking to recover $28,248.84 in costs associated with abatement of a nuisance. The Authority alleged that the Mignognas improperly and illegally placed dirt, stones, rocks, and debris on a severely sloped hillside at the rear of the Property, crushing pipes and dislodging manholes. (Trial Court Op. at 1–2.)

The Authority claimed it was authorized to abate the nuisance without prior notice to the Mignognas and without providing the Mignognas an opportunity to perform the work pursuant to section 102 of the Elizabeth Township Ordinance 304–1966 (Ordinance) due to the emergency nature of the repairs (raw sewage was backing up into a neighbor's basement and running into a local stream) and the extent of the earth moving required to make the repairs.[1] (*Id.*)

The Authority sought to enforce its claim for reimbursement of the expenditure to abate the nuisance pursuant to section 1 of the Municipal Claims and Tax Liens Act (MCTLA),[2] and section 102 of the Ordinance.[3] (*Id.* at 2.)

On September 22, 2006, the Mignognas filed an affidavit of defense. On March 5, 2006, the Authority filed a motion for summary judgment and the Mignognas filed an affidavit in reply to that motion. On April 23, 2007, the Authority filed a reply to the Mignognas' affidavit of defense. On May 14, 2007, the Mignognas filed a motion for judgment on the whole record pursuant to section 19 of the MCTLA.[4]

---

1. The Mignognas argue that they were not notified about the work until after it was completed; they saw the workers but assumed they were doing clean-up work, like that which had been done the previous year.

2. Act of May 16, 1923, P.L. 207, *as amended*, 53 P.S. § 7101. Section 1 of the MCTLA, 53 P.S. § 7101, provides that "[t]he words 'municipal claim,' as used in this act, unless specifically indicated otherwise, mean and include ... (2) the claim filed to recover ... for the removal of nuisances."

3. Section 102 of the Ordinance provides:

   Abatement of Nuisance. The Board of Commissioners shall have the power as a body, by committee or any of its officers or employees, to enter upon any premises at any time to investigate any condition defined under this Part, and the Board, after investigation, shall declare any condition to

the extent that it may specify a nuisance. It may order the same to be removed, abated, altered or make such order as the cause may require in accordance with the following procedure.

4. Section 19 of the MCTLA provides:

   If no affidavit of defense be filed within the time designated, judgment may be entered and damages assessed by the prothonotary by default, for want thereof. Such assessment shall include a fee for collection to plaintiff's attorney in accordance with section 3.

   If an affidavit of defense be filed, a rule may be taken for judgment for want of sufficient affidavit of defense, or for so much of the claim as is insufficiently denied, with leave to proceed for the residue.

   The defendant may, by rule, require the plaintiff to reply, under oath or affirmation, to the statements set forth in the affidavit of

By order dated June 19, 2007, the trial court denied the Authority's motion for summary judgment without prejudice and instructed the parties to proceed to take depositions pursuant to Pa. R.C.P. No. 206.6 (rule to show cause).

On July 10, 2012, the Authority filed a praecipe for a scheduling order and an argument date. The trial court instructed the parties to submit briefs and evidence in support of their respective positions. The Authority submitted the deposition testimony of Jeffrey Mignogna and the affidavits of Robert Similo, Chairman of the Authority, and Ken Hillman, the abatement project manager.

The trial court held arguments on August 10, 2012. The Mignognas asserted that the affidavits the Authority submitted as evidence to support its Lien were fatally defective. (Trial Court Op. at 2.) The Mignognas claimed that the affidavits of Similo and Hillman were not sworn to, affirmed, or verified as required by Pa. R.C.P. No. 76, and, therefore, must be disregarded as incompetent hearsay evidence. (*Id.*)

■ On September 24, 2012, the trial court, based on the evidence presented by the parties in support of their motions, found that the affidavits were not executed pursuant to Pa. R.C.P. No. 76 and were therefore hearsay, and dismissed the Lien with prejudice. The Authority appealed to this court.[5]

■ The Authority contends that the trial court erred in dismissing its Lien with prejudice based solely on allegedly defective affidavits. We disagree.

In support of its Lien, the Authority only offered into evidence the affidavits of Similo and Hillman to establish that it was entitled to collect on the Lien.[6] Pa. R.C.P. No. 76 provides that a statement or writing is not an affidavit unless it:

(1) is sworn to or affirmed before an officer authorized by law to administer oaths, or before a particular officer or individual designated by law as one before whom it may be taken, and officially certified to in the case of an officer under seal of office, or (2) is unsworn and contains a statement that it is made subject to the penalties of 18 Pa.C.S. § 4904 relating to unsworn falsification to authorities.

Neither Similo nor Hillman had a sworn, verified, or affirmed affidavit. Accordingly, they are not affidavits at all but are instead out-of-court statements and compilations of a non-party that must be disregarded by the court as incompetent hearsay evidence when objected to. *See Scalice v. Pennsylvania Employees Benefit Trust Fund*, 584 Pa. 161, 167 n. 5, 883 A.2d 429, 432 n. 5 (2005). The Mignognas objected to the affidavits and the trial court disregarded them. However, because the affidavits were the only evidence submitted by the Authority in support of the Lien, once they were disregarded, the Authority's Lien was not supported. Therefore, the trial court properly dismissed the Lien.

defense, and after the replication has been filed may move for judgment on the whole record.

53 P.S. § 7271 (footnote omitted).

**5.** Our review where the trial court disposed of a petition to strike a municipal claim is limited to whether the trial court abused its discretion or committed an error of law, or whether constitutional rights were violated. *Penn Township v. Hanover Foods Corporation*, 847 A.2d 219, 222 n. 10 (Pa.Cmwlth.2004.)

**6.** Similo provided photographs of the abatement and commented on the process, while Hillman was offered as an expert in engineering, sewer project management, and sewer construction and repair.

■ The Authority further contends that the Lien should not have been dismissed with prejudice, and it should have been granted leave to amend. *See City of Philadelphia v. Pachelli*, 168 Pa.Super. 54, 76 A.2d 436, 440 (1950) (stating that a defect in a pleading may be cured by amendment). However, the Authority is not seeking leave to amend its pleadings but is seeking a second opportunity to submit new and different evidence in support of its Lien, which it cannot do. The trial court did not err in dismissing the Lien with prejudice.

Accordingly, we affirm.

### ORDER

AND NOW, this *21st* day of *May*, 2013, we hereby affirm the September 24, 2012, order of the Court of Common Pleas of Allegheny County in the above-captioned matter.