## Easton City, Appellant, *v.* Hughes.

*Road law—Original paving of street—Municipal intention—Adoption of pavement—Macadamized pavement.*

The first paving, which exempts abutting property owners from any liability for any subsequent improvement is one that is put down originally, or adopted or acquiesced in subsequently by the municipal authority for the purpose and with the intent of changing an ordinary road into a street. Two elements are necessary to evidence this fact; the character of the construction and the in-

tention of the municipality to convert a common road into a permanently improved street. The controlling consideration, however, is affirmative municipal intention.

While due effect must be given to the character of the work done in determining municipal intention, when that work is macadamizing, without other ample evidence, it will not be sufficient to show municipal intention. There must be additional evidence of this fact.

Where a municipal ordinance provided for an appropriation for ordinary repairs to streets, and a portion of a street particularly mentioned in the ordinance was macadamized, and about a year afterwards an ordinance was passed appropriating money to be used for permanent improvements including the macadamizing of the street in question, the latter ordinance together with evidence as to the work done on the street, is sufficient to sustain a finding of an adoption of the macadamizing done under the first ordinance as a permanent improvement.

Where such evidence is excluded on the objection of the city, and the court erroneously charges that the jury may find for the defendant on certain other evidence, and it appears that other cases depend on the result of the appeal, the appellate court will reverse the judgment but at the cost of the city appellant.

Argued Dec. 6, 1916. Appeal, No. 210, Oct. T., 1916, by plaintiff, from judgment of C. P. Northampton Co., Sept. T., 1913, No. 21, on verdict for defendant in case of City of Easton to use of the Bushkill Quarry & Construction Co. v. William Hughes. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ. Reversed.

Scire facias sur municipal lien for paving Front street between Northampton and Ferry streets in the City of Easton. Before BARBER, P. J., specially presiding.

At the trial the defendant claimed that the paving for which suit was brought was not an original paving. The court under objection by the city refused to admit in evidence certain evidence referred to in the opinion of the Superior Court. It did, however, admit in evidence the report of the city engineer, Harrison R. Fehr.

The defendant made this offer:

By Mr. Kirkpatrick—We now propose to prove by this witness that he reported to the city council the nature and character, with a full description, of the work which he had done on Front street, between Northampton and Ferry streets; that the following year, under the direction of the Highway Department, he performed identically the same work on the other end of Front street, for a similar distance north of Northampton street; to be followed with proof that the work on the north end of Northampton street had been authorized by a city ordinance, passed after the work on the south end had been done, in which the work was authorized and designated as a "permanent improvement."

By Mr. Evans—Objected to, as incompetent and irrelevant; it doesn't throw any light upon the intent of the council in 1897, when they passed the ordinance appropriating $1,000 for repairs to Front street.

By the Court—The objection to the offer as a whole is sustained; but the defendant will be allowed to show any reports made to council concerning this work after it had been concluded.

The court charged in part as follows:

["The defendant also calls your attention to the report that was made by the city engineer after the completion of the work and what was done with his report. The clerk, you will remember, testified that it was read along with all other papers and then was ordered to be printed, and a copy of it was admitted, and will be for your consideration, as showing how this work was done and how this thousand dollars was applied. Now, that is an important part of the evidence, as showing the intent on the part of the city when the work was completed and how they treated it and recognized it"]  (7)

Verdict and judgment for defendants.  Plaintiff appealed.

*Errors assigned,* among others, were (1) refusal of

binding instructions for plaintiff; (5) admission of engineer's report in evidence; (7) portion of charge as above, quoting it.

*P. C. Evans,* of *Evans & Beck,* with him *F. W. Edgar,* for appellant.

*Kirkpatrick & Maxwell,* for appellee.

OPINION BY KEPHART, J., March 16, 1917:

"The first paving, which exempts abutting property owners from any liability for any subsequent improvement is one that is put down originally, or adopted or acquiesced in subsequently by the municipal authority for the purpose and with the intent of changing an ordinary road into a street. Two elements are necessary to evidence this fact: the character of the construction and the intention of the municipality to convert a common road into a permanently improved street. The controlling consideration, however, is affirmative municipal intention.......Adoption or acquiescence, as showing municipal intention, must be limited and confined to acts which deal with the highway as an improved street, and consists of such acts which recognize the construction employed and the results obtained as being sufficient to stamp upon the particular highway the fact of a permanently improved street as such term is usually known": Pottsville v. Jones, 63 Pa. Superior Ct. 180-186.

We do not think the evidence was adequate to show an intention to convert Front street, in the City of Easton, into a permanently improved street. This street was one of the original streets of the borough. It lies in a closely built-up portion of the city, incorporated as such in 1887, and from that time houses have been built along the street close together. Prior to the work now claimed as a permanent improvement, it was graded, curbed and guttered with sidewalks under municipal authority and direction. The macadamizing now claimed

as a permanent improvement was done under an ordinance adopted March 10, 1897. It provided for an appropriation for "ordinary repairs to streets" and "repairs to Front street from Ferry to Bushkill bridge." The "repairs" done under this ordinance were much the same in character as the macadam described in Pottsville v. Jones, supra. If a municipality, by subsequent action, evidenced an intention to adopt this macadam as a permanent improvement, the word "repairs" as used in the ordinance would not be controlling, nor would the fact that one part of the ordinance provided for ordinary repairs and another part for repairs, cause the word "repairs" standing alone to mean permanent improvements. While due effect must be given to the character of the work done in determining municipal intention, when that work is macadamizing, without other ample evidence it will not be sufficient to show municipal intention. There must be additional evidence of this fact. Appellant offered the report of the engineer under whom the work was done. It was made to the city council. It described the manner in which the street was repaired and called it a macadam road. The minutes of council and the evidence submitted in connection therewith show at best that this report was directed to be printed. While this evidence was competent, in view of the manner in which it was received and acted upon, it, with the other evidence, was not enough from which the jury might find intention. But the appellee offered in evidence an ordinance, adopted a year later, in 1898. Its title reads: "Providing for the issuing of bonds......for permanent improvements." Section 3 provides for an expenditure of a sum of money "to be used for the following permanent improvements: $1,000 for macadamizing Front street." This offer was objected to by appellant. It was also proposed by the appellee to show that the macadamizing here called a permanent improvement joined the work done under the ordinance of 1897, or was very close to it, and was of substantially the same

construction as the work done in the previous year. This ordinance and the work done thereunder would be evidence of an adoption of the macadamizing done under the first ordinance as a permanent improvement. It was a positive declaration by council that they regarded macadam as a permanent improvement, and being so close to the work done the year before in time and place, appellee urges that the conclusion must naturally follow that the city intended the macadam done in that year to be similarly regarded; and it would be most unfair to the property owners fronting on the street improved in 1897 if it were otherwise. There is nothing in the ordinance restricting its operation as to the question now before us. This evidence should have been admitted and with the other evidence in the case was sufficient to find municipal intention.

The court below, in a part of its charge, seventh assignment, seemed to regard the report of the engineer as being enough. This was error. We learn from the argument that there are a number of cases depending on the result of this appeal. We do not feel, when there are other cases in litigation, which embrace the same subject-matter, that the appellant should be estopped from raising the question of the sufficiency of the evidence in this appeal, though it was through his objection that such evidence was not admitted. But that the appellant may not profit by his groundless objection, we will direct that the seventh assignment of error be sustained, the judgment reversed, a venire facias de novo awarded, and the costs of this appeal to be paid by the appellant.