## Philadelphia to use v. Scholl, Appellant.

*Road law—Paving—Street railways—Ordinance.*

A property owner against whom an original paving of a street has been charged, cannot defend on the ground that the city under an agreement with a street railway company had assumed the duty of such paving which had been previously imposed by ordinance on the company, where it appears that by ordinance a certain other

street railway company to whose rights the previously mentioned company had succeeded, had been granted the right to use certain streets, including the street in question provided, it kept and maintained in good order such streets whether paved, macadamized or unimproved, and accept as binding all ordinances in force or hereafter to be passed relating to the conduct of street railroads, and a later ordinance, general in character, provided that street railways should repave, simultaneously with the construction of their lines with improved pavements streets occupied by them, and this duty was subsequently assumed for a consideration by the city itself.

In such a case the duty of maintaining existing railroads, streets, etc., whether paved, macadamized or unimproved, is a very different thing from an obligation to pave such highways with an "improved" pavement.

*Road law—Original paving—Telford pavement—Affidavit of defense.*

In an action against a property owner to recover the cost of an alleged original pavement of a street, an affidavit of defense is insufficient which avers that it had been paved with a Telford pavement without describing the character, or material of the pavement, had been paid for by the property owner at the time, without giving the name of the owner or date of payment, and without stating the municipal authority under which the paving was laid, or the acts by which the city subsequently ratified and adopted it as an original paving.

Argued April 10, 1917.    Appeal, No. 309, Oct. T., 1916, by defendant, from order of C. P. No. 4, Philadelphia Co., Dec. T., 1915, No. 1747, M. L. D. making absolute rule for judgment for want of a sufficient affidavit of defense in case of City of Philadelphia to use of D. Webster Anders v. Edward L. Scholl.    Before ORLADY, P. J., PORTER, HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ.    Affirmed.

Scire facias sur municipal lien for paving.

On a rule for judgment for want of a sufficient affidavit of defense AUDENRIED, P. J., filed the following opinion:

The City of Philadelphia claims of the defendant, Ed-

ward L. Scholl, by way of lien upon his lot on the west side of Sixty-third street north of Lansdowne avenue, the sum of $244.06 for paving done in front of that property. Its claim has been filed to the use of D. Webster Anders, by whom Sixty-third street between Lansdowne avenue and Jefferson street was paved with vitrified brick under a contract with the city authorized by an ordinance approved July 6, 1914. The work of the use-plaintiff was completed September 15, 1915; and he received under his contract in part payment therefor the bill for the proportion of the cost of the pavement that was assessed against the land of the defendant.

To the scire facias issued upon this claim Mr. Scholl has filed an affidavit of defense asserting that his lot is not liable to such a charge, (a), because the pavement in respect of which it is presented is not an original pavement, and, (b), because, even if it be so regarded, the city, by agreement with the Philadelphia Rapid Transit Company, (which, to the relief of the owners of land abutting on this part of Sixty-third street had, under certain contracts, become bound to do the work of paving there) assumed, in consideration of sundry large cash payments, the duty of paving that street among others and, therefore, cannot collect the cost of the work from the abutters.

It is suggested by the use-plaintiff that these defenses are not sustained by Mr. Scholl's averments of fact; and judgment against him is demanded for want of a sufficient affidavit of defense.

The averments relied on to sustain the first defense set up by the affidavit may be briefly summarized as follows: (a) Before the construction of the vitrified brick pavement provided for by the ordinance of July 6, 1914, a Telford pavement had been laid on Sixty-third street, in front of the defendant's property, extending from curb to curb (except between the car tracks, where Belgian blocks had been laid) ; and this pavement had been paid for by the owners of the abutting land.

(b) The Telford pavement laid by the abutters was left undisturbed by the city authorities for more than twelve years.

(c) It had always been kept in repair by the city.

(d) Prior to the laying of the pavement of 1915, the city had installed sewers, gas pipes and water pipes in the part of Sixty-third street involved in this case.

(e) The properties abutting on the part of Sixty-third street now under consideration were, prior to 1915, taxed at full city rates.

(f) The normal charge made by the city for a permit to open the bed of a street which it has not paved and whose pavement it has not adopted, is one dollar, but even before the laying of the vitrified brick pavement, the sum of six dollars was charged for a license to break the Telford pavement of Sixty-third street for the purpose of making sewer, water or gas connections.

(g) The Telford pavement on Sixty-third street was, if properly maintained, sufficient for the needs of the neighborhood.

On the authority of the decision in Philadelphia v. Hafer, 38 Pa. Superior Ct. 382, we adjudge each of the facts thus alleged and all of them united insufficient to warrant a jury in finding that the city ever adopted the Telford pavement laid by the abutters on Sixty-third street as a paving of that highway of such a character as to exonerate them from liability for the cost of the subsequent improvement of the street. In view of the very careful discussion by the Superior Court in that case of the precedents, (see Philadelphia v. Dibeler, 147 Pa. 261; Philadelphia v. Hill, 166 Pa. 211; Philadelphia v. Eddleman, 169 Pa. 452, and Harrisburg v. Baptist, 156 Pa. 526), and of the facts there involved, which are practically identical with those presented by the defendant's affidavit here, it is unnecessary to say more upon this phase of the case.

The propositions on which Mr. Scholl's second defense is based are substantially as follows:

(a) By its contract with the Philadelphia Rapid Transit Co., provided for by the Ordinance of July 1, 1907, and authorized by the Act of April 15, 1907, the City of Philadelphia, assumed the obligations with respect to street paving which bound that corporation.

(b) The Philadelphia Rapid Transit Co. had by contract assumed the obligations of the Union Traction Co. in that behalf.

(c) The Union Traction Co. has assumed the paving obligations of the Hestonville, Mantua and Fairmount Passenger Railway Co.

(d) The Hestonville, Mantua and Fairmount Passenger Railway Co. was bound to pave Sixty-third street from Haverford avenue to Lancaster avenue, thus including that portion of the street on which the defendant's lot fronts, for two reasons, viz:

(1) Because by contract entered into with the city under the Ordinance of March 30, 1893, it had agreed to repave all streets to be occupied by it not then paved, or then paved but in a way not satisfactory to the Department of Public Works.

(2) Because it had assumed the obligations of its lessor, the Fairmount Park and Haddington Passenger Railway Company, which, by Ordinance of March 27, 1895, was permitted to extend its tracks along Sixty-third street upon the same terms as those contained in the Ordinance of December 1, 1892. By the ordinance last mentioned the city consented to the construction of this company's original line on condition, assented to by the company, that it would agree to accept as binding upon it the terms and conditions of all laws and ordinances then in force, or which might thereafter be passed, relative to the government, control or regulation of railways or railroads of any kind within the city limits; and by Ordinance of May 26, 1894, it was required that as soon as the lands then taxable at suburban, rural or farm rates, and abutting on streets occupied by street railways, should be taxed at full city

rates, the corporations operating such railways should, as directed by the Department of Public Works, repave such streets.

It is argued on behalf of the use-plaintiff, that, even if all these propositions are justified by the facts averred in the affidavits filed, the defendant's second objection to the claim is without merit because the city, since it might release any right that it acquired by contract to require the paving of its streets by street railway companies, and look to the abutters (who were not parties to the contracts) for the cost of doing the work, may release itself as successor to the obligations of such corporations in this matter, and thereby restore the situation that existed before the contracts were made, with the same financial burdens on the property owners. In the case of Philadelphia v. Philadelphia, Trustee, however, where we had occasion to consider the effect of the contract of July 1, 1907, between the city and the Philadelphia Rapid Transit Co., we held that the former, having for reasons satisfactory to its authorities and in consideration of the large sums of money for which it had stipulated, assumed by the contract, in the place of the latter, the duty of meeting such expenses connected with the paving of the streets as the passenger railway companies had originally undertaken to discharge, thus, by implication, relieved the owners of property on the streets involved from all liability for the cost of the paving thereof, the reason being the manifest injustice of permitting it to collect that cost by way of assessment on the property owners, as well as the large yearly payments provided for by its contract with the Philadelphia Rapid Transit Co. Our judgment was affirmed by the Supreme Court (see 244 Pa. 224) ; and the reasoning thus approved seems to be just as applicable to the case where the paving obligation assumed by the city arose, as it is said to have done here, out of a contract whereby the street railway company accepted the terms of a city ordinance, as in the case where it originated in the com-

pany's acceptance of the grant of a charter from the legislature. Under the principle laid down in Philadelphia v. Philadelphia, Trustee, the second defense set up by Mr. Scholl would, we think, have to be sustained if the premises upon which it is based were sound.

The city's alleged obligation to defray the cost of the laying of the pavement on Sixty-third street, depends, so far as the defendant's affidavits go, on the duty of the Hestonville, Mantua and Fairmount Passenger Railway Co. to pave that street. In our opinion this corporation, for the following reasons, was not subject to such a duty.

A fair reading of its contract with the city under the Ordinance of March 30, 1893, confines its undertaking to pave the streets to be occupied by it to the streets whose occupation was authorized by that ordinance, and Sixty-third street is not one of them.

It operated passenger cars over the tracks laid on Sixty-third street, but this it did as lessee of the property and franchises of the Fairmount Park and Haddington Passenger Railway Co., to which the right to occupy this street had been given by the city under the Ordinance of March 27, 1895.

It is true that the conditions on which that grant was made to the Fairmount Park and Haddington Passenger Railway Co. were the same as those imposed by the Ordinance of December 1, 1892, by which this corporation acquired the city's consent to the construction of its railway as originally projected; but the only provision contained in the ordinance last named which refers specifically to the subject of street paving is the requirement that the company "shall agree to keep and maintain in good order at all times, whether paved, macadamized or unimproved, all streets, avenues, or roads traversed by its lines of railway, or by its trolley system." The duty of maintaining existing roads, streets, etc., whether paved, macadamized or unimproved, is a very different thing from an obligation to pave all such highways with an "improved" pavement.

It is also true that the corporation last named bound itself to accept as binding upon it the terms and conditions of all laws and ordinances then in force or which might thereafter be passed, relative to the government, control or regulation of railways or railroads of any kind within the City of Philadelphia; but this did not, as contended by the defendant, subject the company to any of the requirements of the Ordinance of May 26, 1894. That ordinance, as plainly appears by its preamble, was intended to apply only to the case of passenger railway and traction companies to which privileges had been granted by the city on condition that they should "repave simultaneously with the construction of their several trolley lines, with improved pavement, all streets and avenues traversed by their several lines." As noted above, neither of the ordinances authorizing contracts between the city and the Fairmount Park and Haddington Passenger Railway Company contained a paving requirement. Moreover, a clause in the Ordinance of May 26, 1894, specifically provides "that nothing contained in this ordinance shall apply to any street or avenue upon which rails are not yet laid." As appears by the affidavit of defense, the car tracks on Sixty-third street were not laid until after the passage of that ordinance.

From what has been said, it follows, we think, that the contract made by the city and the Philadelphia Rapid Transit Co., under the Ordinance of July 1, 1907, and the Act of April 15, 1907, is absolutely without bearing on the rights of the parties to this cause; that, since the Telford pavement on Sixty-third street was neither laid by the municipality nor subsequently adopted by it in discharge of the obligation of the abutting property owners to defray the cost of paving the street, the claim filed in this case must be sustained; and that judgment should be entered against the defendant for want of a sufficient affidavit of defense.

*Error assigned* was order making absolute rule for judgment for want of a sufficient affidavit of defense.

*C. Oscar Beasley,* for appellant.—There was already upon Sixty-third street prior to the paving in suit a Telford pavement, which was an improved and original pavement, paid for by the property owners, and which the city has recognized as an original pavement in various ways, and also recognized the street as a full city street: Philadelphia to use v. Edmonds, 59 Pa. Superior Ct. 318; Philadelphia v. Eddleman, 169 Pa. 452; Chester City v. Evans, 32 Pa. Superior Ct. 641; Williamsport v. Beck, 128 Pa. 147; City v. Hafer, 38 Pa. Superior Ct. 382; Leake v. Philadelphia, 171 Pa. 125; Philadelphia v. Ehert, 153 Pa. 1.

Under the various ordinances of councils accepted by the several trolley companies maintaining electric cars upon said street there was imposed upon said trolley companies the liability and duty to pave said street from curb to curb with improved pavement without cost to the property owners and this liability by the contract of 1907 between the City of Philadelphia and the Rapid Transit Company is now upon the City of Philadelphia and not upon the property owners: Philadelphia to use v. Trustees of Girard Est., 244 Pa. 224.

*Walter Biddle Saul,* for appellee.

OPINION BY KEPHART, J., November 19, 1917:

This appeal is from the entry of judgment for want of a sufficient affidavit of defense on a scire facias sur municipal lien. The defense interposed was that the city, through its various ordinances, had agreed with the subsidiary companies forming a part of the Philadelphia Rapid Transit System to accept the obligation of these companies to pave the street in front of the appellant's property, which agreement under the law released the property owner from paying for this paving. See Philadelphia

v. Philadelphia, Trustee, 244 Pa. 224. We are satisfied
that the court below properly disposed of this question
as will be seen by Judge AUDENREID's opinion filed in the
report of this case. The ordinance of 1894 was not a
general ordinance applying to all street car companies
in the City of Philadelphia. It only applied to the
companies which had been required to pave the street
upon which its tracks would be laid simultaneously
with their construction. In this sense it was a special
ordinance. When the ordinance granting permis-
sion to the Fairmount Park and Haddington Pas-
senger Railway Company to lay tracks on Sixty-
third street, conditioned that the company should
be subject to the ordinance of December 1, 1892,
wherein it was "to accept as binding upon it the
terms and conditions of all laws and ordinances now in
force, or which may hereafter be passed, relative to the
government, control or regulation of railways or rail-
roads of any kind within the City of Philadelphia," it
related to all general laws applicable to all railways
within the city. Council did not intend to attach to this
company's permission to use Sixty-third street the spe-
cial conditions that were coupled to the authority of
one or more of the many companies to operate within the
city.

The affidavit avers that the street in front of the ap-
pellant's property was paved with Telford having brick
gutters and cement curbstones, which paving extended
the width of the street, except between the street car
tracks, where it had been paved with Belgian blocks;
and that said paving had been paid for by the property
owners at the time it was laid. Since the case of Ham-
mett v. Philadelphia, 65 Pa. 146, and the long line of
cases following it, an abutting property owner is not
liable to pay the cost of repaving a street. He is only
liable for an original paving: Harrisburg v. Segelbaum,
151 Pa. 172. Repairing a street is part of the ordinary
duties of a municipality. It cannot be met by local

assessments. There is no special benefit conferred on an abutting property in the repair of a street. The difficulty with the appellant's affidavit is that it does not state when this supposed paving was laid, the name of any property owner who paid for it, or the municipal authority under and through which this paving was laid (Philadelphia to use v. Baker, 140 Pa. 11), or the acts by which the city subsequently ratified and adopted it as an original paving, as will be noticed later. The statement as contained in the affidavit is too general.

As to the acts showing that this street had been previously paved and had been adopted as a permanently improved street, we discussed in Easton City v. Hughes, 66 Pa. Superior Ct. 589, what would constitute a first pavement and the elements necessary to evidence this fact; namely, the character of the construction and the intention of the municipality. The affidavit avers that the original paving was Telford, that the city recognized it as being an original paving, that it charged plumbers $6 for permits to dig up this street for connecting service pipes, or other street improvements, while on dirt streets a charge of $1 was made, and that the city kept this street in repair. All of these averments, if true, would not be sufficient to convert the street as then constructed into a permanently improved street. "Describing the work as macadam by witnesses or in reports, furnishes no information as to the manner of construction and the materials entering into its construction": York City v. Holtzapple, 67 Pa. Superior Ct. 596. The affidavit should set forth the materials entering into and the manner of constructing the Telford. This word has a technical meaning, but as commonly used, it is made to cover construction that would not be considered of a permanent nature. It is, therefore, important to show in some detail how it was built. Assuming that it might be adopted by Philadelphia as an original paving, the averment that the city recognized it as such is a conclusion. The affidavit must state the acts by which the

city evidenced its intention to adopt the paving as an original one. That the charge for permits to dig in this street differed from that made in other streets, that other improvements were in the street before the paving was laid, that property was assessed at full city rates, and that the surface remained undisturbed for a period of twelve years, while some evidence, would not be sufficient to establish the municipal intention necessary in law to show either ratification or adoption.

The judgment of the court below is affirmed.