City of Philadelphia to Use of The Barber Asphalt Co. *v.* Wells et ux., Appellants.

Argued October 10, 1928.

Before PORTER, P. J., HENDERSON, TREXLER, KELLER, LINN, GAWTHROP and CUNNINGHAM, JJ.

*Charles Wells*, for appellant, cited: Hammett v. Philadelphia, 65 Pa. 146; City of Chester v. Holden,

73 Pa. Superior Ct. 465; Philadelphia v. Scholl, 68 Pa. Superior Ct. 404.

*Henry B. Coxe, Jr.,* of *Ballard, Spahr, Andrews & Ingersoll,* for appellee, cited: Philadelphia v. Eddleman, 169 Pa. 452; Dick v. Philadelphia, 197 Pa. 467; Philadelphia v. Burk, 288 Pa. 383.

OPINION BY GAWTHROP, J., November 21, 1928:

This is an appeal from the entry of judgment for want of a sufficient affidavit of defense to a scire facie sur municipal lien for the cost of street paving apportioned according to the front-foot rule. The defense interposed was that the paving for which the assessment was levied was not an original paving of Durham Street. The affidavit avers upon information and belief derived from examination of official records of the Highway Bureau of the city, the ordinances of Council and the original owners of property abutting the aforesaid street, as well as the original contractor, that this highway prior to 1908 was a dirt road; that it was first paved in the year 1908 by consent and permission of the Department of Public Works of the city; that a contract was made for such paving, the cost to be assumed by the owners of the abutting properties; that such pavement was passed upon, accepted and approved by the Bureau of Highways of the Department of Public Works of the city in the year 1908; that the pavement torn up to make way for the present pavement was composed of successive layers of stone, graduated in size, the smallest being on top, with a top dressing, and extended from curb to curb, with stone gutters; that this paving changed the then existing country road into a paved and improved street and was accepted by the city with the intent that it become a paved street for public use; and that from 1908 to 1926 this macadam

pavement was in full and complete public use and was cared for and repaired from time to time by the city.

The question before us is whether the affidavit sets forth sufficient facts to show that the paving of 1908 was such a paving as exempts abutting property owners from assessment for a subsequent paving. Two elements are necessary to evidence the fact that an improvement of a highway or street was such a paving, "the character of the construction and the intention of the municipality to convert a common road into a permanently improved street. The controlling consideration, however, is affirmative municipal intention": Easton City v. Hughes, 66 Pa. Superior Ct. 589. Mr. Justice KEPHART, speaking for the Supreme Court in the recent case of Philadelphia, to use, v. Burk, 288 Pa. 383, said: "The authorities are clear that in itself the taking over of a turnpike road is not such an adoption by a municipality as to make the surfacing then in existence come within the legal meaning of an original paving ....... The question as to whether the condition indicated exists is one depending on the facts of each particular case. If the surfacing first put in place comes within the control of the municipality, the abutting owner is not relieved as a result, unless it appears further that the construction was adopted, or acquiesced in subsequently, with intent and purpose of changing the old road into a street. It is not sufficient that there be a recognition of it by mere user of a public highway by the municipality." See also Phila. v. Hafer, 38 Pa. Superior Ct. 382; and Dick v. Phila., 197 Pa. 467. It is held further in that case that, "prima facie, a road in the City of Philadelphia surfaced or paved with macadam is not to be considered as coming within the legal meaning of a first pavement so as to relieve the abutting owner and that the burden is upon the property owner to present all matters neces-

sary to show that he is entitled to an exemption." As appellants' affidavit does not aver that the paving of 1908 was laid by the city, the question before us is narrowed to the inquiry whether there is a sufficient averment of municipal intent to adopt it as a permanently improved street. The averment is that it was paved in that year by consent and permission of the Department of Public Works under a contract. It does not aver that the city was a party to the contract or the names of the parties thereto. The averments that the former pavement was accepted and approved by the Bureau of Highways of the Department of Public Works, and it "was passed upon, approved and accepted with the intent that it might become a paved street for public use," are bald conclusions, unsupported by any averments of fact. The acts by which the city ratified and adopted it as an original paving must be stated: Phila. v. Scholl, 68 Pa. Superior Ct. 404. Under all the familiar cases the facts which are averred would not be sufficient, if proved, to warrant a finding of fact that the city adopted the improvement of 1908 as a permanent pavement. Therefore, the court below was right in entering judgment against appellants.

The judgment is affirmed.