Philadelphia, to use, Appellants, *v.* Phillips.

Argued September 29, 1954. Before RHODES, P. J., HIRT, GUNTHER, WRIGHT, WOODSIDE, and ERVIN, JJ. (ROSS, J., absent).

*Lester S. Hecht,* for appellants.

*Edward J. Hardiman* and *K. I. Schofield,* with them *Wesley H. Caldwell* and *Roper & Caldwell,* for appellees.

*Karl I. Schofield,* Assistant City Solicitor, with him *Jerome Shestak,* First Deputy City Solicitor and *Abraham L. Freedman,* City Solicitor, for City of Philadelphia, under Rule 46.

OPINION BY WOODSIDE, J., July 21, 1955:

This is an appeal from an order of the Court of Common Pleas of Philadelphia County refusing to enter judgment for want of a sufficient affidavit of defense to a municipal claim. It involves the interpretation of a city ordinance.

The defendants own property abutting Upsal Street, Philadelphia. The street has a width of 52 feet. A middle strip of 33 feet of this street was paved by the city in 1943, and the cost of one-half, or 16½ feet, of this paving was assessed against the predecessors in title to the premises now owned by the defendants.

Once a city has assessed abutting owners for paving a street, no future assessment for repaving or repairing that same area can be made. *Hammett v. Philadelphia,* 65 Pa. 146 (1870); *Phila., to use, v. Scholl,* 68 Pa. Superior Ct. 404, 413 (1917). The city may, however, assess for paving the shoulders when only the middle of the street was previously assessed, or vice versa. *Philadelphia v. Evans,* 139 Pa. 484 (1891), *West Liberty Avenue,* 70 Pa. Superior Ct. 348 (1918).

Thus the city could never again provide by ordinance or otherwise for the assessment of the abutting property owners on Upsal Street for the 33 feet paved in 1943. But it could thereafter, if it so desired, provide by ordinance for the assessment of the abutting owners for paving the previously unpaved portion.

Prior to 1951 the city assessed all the cost of original paving against the abutting property owners regardless of the width of the paving. That year the city

adopted an ordinance, the pertinent part of which is as follows:

"Whenever by authority of Council any street or highway or portion thereof is paved, the cost thereof, exclusive of street intersections, shall be proportionately assessed against the owners of the properties abutting on said streets or highways according to their respective fronts except properties exempt by law, from such assessments: Provided that said *abutting owners shall not be charged* more than the contract price nor *for more than an eighteen feet width of paving,* and in no cases more than eight (8) dollars in the aggregate per linear foot of assessable property frontage for any type or class of paving, including base and intermediate and surface courses; that no deductions from the assessments so made shall be allowed; that the assessment bills shall be prepared and collected in accordance with existing laws; *that any amount in excess of the assessment herein provided shall be paid by the City.*" (Italics supplied for emphasis)

In 1953 the city, proceeding under the above ordinance, paved the remaining nineteen feet of Upsal Street abutting the defendants' property, and is now attempting to assess the cost of paving 9½ feet against the abutting property owners on each side of the street.

A municipal claim was filed against the defendants in which the present appellant is a "use-plaintiff". The defendants filed an affidavit of defense. They contend that an assessment for paving 16½ feet of the street having already been made against their property, the city is limited by the 1951 ordinance to an assessment for the cost of only 1½ feet, and that under the provisions of that ordinance the city has agreed to pay the balance of the paving costs.

On motion of the use-plaintiff for judgment for want of a sufficient affidavit of defense the lower court

decided for the defendants. The use-plaintiff appealed.

The appellant and the city, which has filed a brief under rule 46 of our Court, contend that the 33 feet having been paved prior to the 1951 ordinance, the payment made for its paving cannot be considered in determining the 18 foot limitation, and that the city can assess all of the costs of paving 9½ feet against the defendants.

It is argued that to interpret the ordinance otherwise would be giving it a retroactive effect, which is contrary to the rules of statutory construction. We shall consider this question later.

The rules of construction applicable to statutes are to be applied with equal force and effect when construing an ordinance. *Cloverleaf T. S. Co. v. Pleasant Hill Boro.*, 366 Pa. 116, 76 A. 2d 872 (1950).

Rules of statutory construction are but aids in determining the intent of the legislative body, in this instance the city council.

The intention of council may be ascertained by considering the object to be attained and the circumstances under which the ordinance was enacted, the former ordinance on the same subject, and the consequences of a particular interpretation. See Statutory Construction Act of May 28, 1937, P. L. 1019, Sec. 51, 46 PS §551 and cases there cited.

Applying these rules to the ordinance before us it becomes clear what the council intended. Council recognized that the procedure being followed was inequitable in that abutting property owners of certain streets were required to pay for construction which was not primarily for their use or benefit, but for the use and benefit of the city generally, and that in justice and equity that part of the street primarily for general use of the citizens should be paid for by all the taxpayers.

What else could have been the purpose of the ordinance? It certainly could not be merely to limit the amount to be paid by abutting owners at any one time. No person would seriously contend that the city could collect for the paving of a street 108 feet wide, for example, by the simple device of paving and assessing only 36 feet at a time.

What is the equitable share of the cost of street paving to be charged to an abutting property owner? That is the question which the ordinance answered. Why 36 feet was chosen as the answer instead of 30 or 40 feet or some other width is not important. That was a discretionary matter for council. It is to be noted, however, that 36 feet would permit parking on both sides of the street and leave sufficient space for free passage of two way traffic. Any substantial increase in that width would permit three or four traffic lanes instead of two. It is fair to assume that the council reasoned soundly that paving to provide for more than two lanes of traffic is done not so much for abutting property owners as for the city at large. Although this is in a sense speculation, the intent of council seems so self-evident from the mere adoption of such an ordinance that it rises above speculation in the usual meaning of the word.

As to the intent of the proponents of the ordinance we need not speculate. The ordinance was proposed in a letter by the Director of Public Works to the Mayor who in turn recommended it to Council forwarding to that body the Director's letter.[1] We quote from

---

[1] This letter is taken from *appellants'* brief. It can be found at pages 30 to 33 of Appendix to Journal of City Council Vol. II (1951).

Although legislative debates are not used as an aid in interpreting statutes, committee and commission reports are. *Tarlo's*

that letter here to substantiate what we have already concluded was the intent of council.

The letter suggests the need of the ordinance "to correct some inequities in the present laws." Pointing out that "Present procedure in assessing new paving calls for the property owner to pay the entire cost of the paving in front of his property and extending to the center of the street," attention is called to the fact that "This price varies greatly, however, with the width of the street, with the type of base and surface course of the paving," etc.

The letter points out that "It is believed by this department that certain of these increased costs are those which should be borne by the City at large and not by the property owner." The letter suggests that "streets of more than ordinary width such as those that are designed as important arteries" should be paved partly at city expense.

It concludes: "It is believed that the new ordinance will be fair inasmuch as it will require the property owner to pay the costs of paving a street of reasonable width and standard construction, but will permit the City to pay those extra costs which arise in connection with wide streets, high cost pavements and street railway tracks."

In enacting the ordinance the city said in effect to its property owners, "The cost of paving the first 36 feet of an abutting street is primarily for your benefit

---

*Estate*, 315 Pa. 321, 325, 172 A. 139 (1934) ; *Martin Estate*, 365 Pa. 280, 283, 74 A. 2d 120 (1950).

Since the above letter was written by the department which initiated and prepared the ordinance, and was sent to members of council for the express purpose of advising them of the need for and the purpose of the ordinance, it is the kind of communication that can properly be considered by a court as an aid in interpreting ordinances.

and is justly your burden, but the cost of paving any additional width is primarily for the traveling public and is justly the burden of all the taxpayers, and will therefore in the future be borne by the City."

Is the city attempting to charge the abutting property owners on Upsal Street "for more than an eighteen feet width of paving?" Although the city is not attempting to charge for more than that *at this particular time,* we cannot avoid the reality that the abutting property owners on Upsal Street *will* be charged for more than 18 feet of the paving of that street if they *will* be forced to pay for more than 1½ feet of the present paving.

If we were to hold that the position of the appellant and the city is correct we would merely perpetuate the very inequities which the ordinance was passed to alleviate.

The argument of the appellant and the city is based almost entirely upon the contention that to accept the defendants' position would give the ordinance a retroactive effect.

A cardinal principle of statutory construction frequently applied by the courts has found expression in section 56 of the Statutory Construction Act of May 28, 1937, P. L. 1019 in the following language: "No law shall be construed to be retroactive unless clearly and manifestly so intended by the legislature." 46 PS §556; See *Barnesboro Borough v. Speice,* 40 Pa. Superior Ct. 609 (1909) ; *Anderson v. Sunray Electric Inc.,* 173 Pa. Superior Ct. 566, 98 A. 2d 374 (1953).

This principle applies to ordinances as well as statutes. *Sawdey Liquor License Case,* 369 Pa. 19, 85 A. 2d 28 (1951).

We have not construed the ordinance to be retroactive. The ordinance of 1951 limits the amount of assessments to be made after its effective date. It pro-

vides a method of paying for street paving done after its effective date. It adopts a principle and practice of equitable sharing of cost between city and abutting property owners.

As we have said above, it adopts as a principle that an abutting property owner should not be compelled to pay for more than one-half of 36 feet of paving of the abutting street. The appellant wants now, after the enactment of the ordinance, to compel abutting property owners to pay for a total of 26 feet instead of 18 feet of paving.

The ordinance says that after its effective date "any amount in excess of the assessment herein provided (limited to 18 feet) shall be paid by the City."

If an owner of property abutting a street paved to a width of more than 36 feet prior to 1951, were to seek reimbursement from the city the cost he paid for paving more than 18 feet, he would be seeking a retroactive construction of the ordinance, but when one is asking the city to pay for paving done after the ordinance, in accordance with the city's expressed intent to thereafter pay for more than 36 feet of paving, he is not seeking a retroactive construction of the ordinance. We are limiting an assessment made after the ordinance to the amount of paving which the ordinance says is the maximum an abutting property owner should be required to pay. See *Trustees of Macalester College v. City of St. Paul*, 155 Minn. 171, 193 N.W. 116 (1923).

"A statute is not made retroactive merely because it draws on antecedent facts for its operation." *Cox v. Hart*, 260 U. S. 427, 43 S. Ct. 154 (1922); *Malicks' Petition*, 137 Pa. Superior Ct. 139, 145, 8 A. 2d 494 (1939); *Pope v. Pennsylvania Thresher. & Farm. Mut. Cas. I. Co.*, 176 Pa. Superior Ct. 276, 107 A. 2d 191

(1954). See also *Wagner v. Leser*, 239 U. S. 207, 36 S. Ct. 66 (1915).

As indicated in *Burger Unemployment Compensation Case*, 168 Pa. Superior Ct. 89, 94, 77 A. 2d 737 (1941) : ". . . an act is not retroactively construed when applied to a condition existing on its effective date even though the condition results from events which occurred prior to that date. 'A statute is not retrospective . . . because a part of the requisites for its action is drawn from a time antecedent to its passing': Endlich, Interpretation of Statutes, §280. 'However, a statute is not regarded as operating retroactively because of the mere fact that it relates to antecedent events, or draws upon antecedent facts for its operation': 50 Am. Jur. Statutes, §476. See also 59 C.J., Statutes, §690."

It is our opinion that the council intended by the ordinance to provide that in all assessments subsequently made for street paving no abutting property owner should be compelled to pay for paving on the abutting streets in excess of 18 feet. To compel the defendants to pay for more than 1½ feet of paving at this time would be compelling them to pay for more than 18 feet of paving on the street in front of their property, and would be dividing the cost of the paving of that street according to a formula which the Council declared unfair and inequitable by ordinance in 1951. The city has by that ordinance agreed to pay for all paving on a street in excess of 36 feet, and we think it should do so in this case even though part of the street was paved prior to the passage of the ordinance.

Order affirmed.