## Bosler Appeal

*Julian W. Barnard,* for appellant.

*Paul P. Wisler,* for appellee.

FORREST, J., December 21, 1959. — This is a proceeding to test the legality of a borough ordinance fixing specified holidays for all salaried employes of the borough. The action is pursuant to The Borough Code of May 4, 1927, P. L. 519, sec. 1010, as amended, 53 PS §46010, which provides: "Complaint as to the legality of any [borough] ordinance . . . may be made to the court of quarter sessions, . . . by any person aggrieved. . . ." Complainant, Merritt W. Bosler, is the burgess, as well as a resident and taxpayer, of the Borough of Norristown.

On August 4, 1959, borough council enacted ordinance no. 1442. At the next regular meeting of borough council on September 1, 1959, the burgess returned the ordinance to council together with his formal written disapproval or veto of the ordinance, together with a statement of his reasons therefor. Whereupon, at that meeting, council passed the ordinance over the veto. The ordinance was duly advertised and has been copied into the Ordinance Book.

Section I of the ordinance provides: "B. All salaried

employees shall be entitled to the following holidays, without any reduction in the yearly salary:" (naming 12 holidays).

"C. All holidays shall be observed only on the day on which the holiday occurs and not on any other day, except that if a holiday falls on a Sunday, it will then be observed on the following Monday."

Section VI of the ordinance provides: "Except only as otherwise specifically provided by law, the days when the employees are to work, the time during the day and the total number of hours each day and the work to be performed, are to be determined by the department heads, together with the approval of the committee chairman who is in charge of that particular department."

The police of the borough are salaried employes.

The Borough Code of May 4, 1927, P. L. 519, as amended, sec. 1006, 53 PS §46006, makes it the duty of the borough council: "VIII. To fix the compensation of . . . such . . . officers, appointees and employes as it may appoint . . ." Section 1101 of The Borough Code, as amended, 53 PS §46101, dovetails neatly with section 1006. It provides: "Appointed officers and employes of the borough shall receive such compensation for their services as the council shall prescribe." Section 1128 of the code, 53 PS §46128, corresponds with section 1101, providing: "The borough police . . . shall receive compensation to be fixed in the same manner as the compensation of other appointed borough officers is fixed."

Section 1125 of The Borough Code, as amended, 53 PS §46125, provides, inter alia, that: "The burgess of the borough shall have full charge and control of the chief of police and the police force, and he shall direct *the time during which*, the place where, and the manner in which, the chief of police and the police force shall perform their duties."

In Duryea Ordinance Appeal, 28 Luz. 163 (1932),

a borough council passed an ordinance, section 4 of which was that: "All of said special policemen shall be on duty between the hours of 9 p.m. and midnight of each day, and they shall be subject to call at any hour in case of emergency." Citing section 1125 of The Borough Code, the court stated, page 165: "It appears from this that the council might fix the number of policemen, but the time during which, the place where, and the manner in which the police shall perform their duties is for the burgess. The ordinance in question seems to undertake by council the doing of that which the law places upon the burgess." The court sustained the appeal and declared the ordinance illegal. Accord Stitt v. Madigan, 86 Pitts. L. J. 59 (1937).

In Bosler v. Rahn, 395 Pa. 600, 605 (decided May 28, 1959), the Burgess of Norristown by executive order reduced the weekly hours of labor of policemen from 48 to 40. The Supreme Court stated: ". . . as the law now reads, we have no difficulty in deciding that the Burgess of Norristown acted within the scope of authority conferred upon him by the Borough Code", even though his action may have necessitated the employment of additional policemen, and even though, as a further result, the burgess may have given the borough a "fiscal headache."

The ordinance was enacted scarcely two months after the Supreme Court handed down its opinion and order in Bosler v. Rahn, supra. "The rules of construction applicable to statutes are to be applied with equal force and effect when construing an ordinance. Cloverleaf T. S. Co. v. Pleasant Hill Boro, 366 Pa. 116. . . .

"The intention of council may be ascertained by considering . . . the consequences of a particular interpretation": Philadelphia, to use, v. Phillips, 179 Pa. Superior Ct. 87, 91 (1955). It is our duty, instead of defeating the purpose of an ordinance and vitiating it, to resolve any doubt in regard to its construction

in favor of its validity: Whitpain Township v. Bodine, 372 Pa. 509 (1953).

As we have shown, section 1125 of The Borough Code was construed on May 28, 1959, by the Supreme Court in a case originating in the Borough of Norristown. Unless express unambiguous language of the ordinance permits no other construction, it would be unreasonable to construe Ordinance no. 1442 enacted on August 4, 1959, as requiring a procedure to be applied in the case of police officers when such procedure was already finally adjudged by the Supreme Court to be prohibited. If section I of the ordinance were construed as prohibiting the burgess from assigning police for duty on 12 holidays a year, the burgess would be like a general without an army and the citizenry would be an easy prey for criminals on such days. Manifestly council never intended such an absurd consequence. Section I is designed to place a limit on the number of days each employe must work every year and to assure a full staff of employes in all departments on the ordinary days when the public has a right to expect that borough offices will be adequately manned. It is not intended, nor will it be construed so as, to prevent the burgess from assigning policemen to work on the designated holidays.

Section VI of the ordinance which provides that the days and hours of work of employes shall be determined by department heads subject to approval of committee chairmen contains the express excluding phrase, "Except only as otherwise specifically provided by law." Section 1125 of The Borough Code contains such a specific exception in that it confers the burgess with full charge and control of the public force and the time during which they shall perform their duties.

And now, December 21, 1959, the complaint is dismissed. Costs to be divided equally between appellant and the Borough of Norristown.