## Commonwealth v. Ellsworth

*Charles Jay Bogdanoff*, Assistant District Attorney, for Commonwealth.

*John R. Carroll* and *Robert E. Gabriel,* for defendant.

GRIFFITHS, J., September 27, 1963. — Defendant, indicted for murder in 1955, has petitioned to suppress certain evidence by reason of the holding in Mapp v. Ohio, 367 U. S. 643, decided in 1961.

The Commonwealth preliminarily has moved to dismiss defendant's petition on the ground that Mapp v. Ohio applies prospectively only, and, therefore, cannot be applied to a crime which occurred prior to such decision.

It is the opinion of the court that the new trial granted in this case is a trial de novo and, as such, the court should rely on the law presently in force, and not the law as interpreted and applied at the time of the search and seizure in 1955.

We are not here concerned with reviewing a conviction, or with an argument in the nature of a motion for a new trial. A new trial has *in fact* been granted, and we proceed to try the case according to current principles of law. In doing such, we are not applying Mapp v. Ohio retroactively. The authorities cited by the Commonwealth relate to defendants under conviction and sentence, not to cases where such has been set aside and new trials granted. It cannot be maintained that a decision by a higher court is applied retrospectively merely because it draws on antecedent events for its application. Cf Creighan v. Pittsburgh, 389 Pa. 569 (1957); Philadelphia, to use, v. Phillips, 179 Pa. Superior Ct. 87 (1955), for analogy to statutory construction.

Wherefore, this September 27, 1963, the court overrules the Commonwealth's preliminary motion to dismiss defendant's petition to suppress evidence.