Aquarium Properties, Inc. v. Hayman

*Lester S. Hecht,* for exceptant.

*Jacob Kalish,* contra.

McDEVITT, P. J., October 8, 1965. — On November 12, 1963, Aquarium Properties, Inc., was served with two assessment bills: one for a principal amount of $7,000 for paving of Hartranft Street, and one for a principal amount of $1,797.89 for furnishing and placing approximately 928 feet of concrete curbing. Aquarium filed its petition for a rule to show cause why it should not have leave to pay these assessments into court or to Hayman (assignee of the municipal claim) in escrow, or to enter security in lieu of the claim. The rule was, by stipulation of the parties, made absolute on February 6, 1964. This procedure is allowed by the Municipal Claims Act of May 16, 1923, P. L. 207, sec. 4, 53 PS §7182.

Hayman filed affidavit of amount claimed on the assessments on March 5, 1964, with a copy of the municipal claim attached as to each of these two claims. The answer and affidavit of defense of amount claimed was filed March 18, 1964 as to each claim, and the cases were consolidated and listed for trial on the equity nonjury list on May 6, 1964. After an award in favor of Hayman was made by the court, the parties entered into a stipulation to correct the figures submitted by them and used by the court in determining damages. Thereafter, exceptions to the award were filed by Hayman, but only as to the street assessment claim.

Aquarium raises in its answer several defenses: First, that the improvement of the cartway of Hartranft Street completed in 1944 was an original paving, and the work completed in 1963 was but a repaving or repair and thus not assessable; second, that even if the work completed in 1963 was a "widening" of the street,

the assessment is invalid under the ordinances of the City of Philadelphia; and, third, that in no case could an assessment be properly laid, since Aquarium's property was not specially benefited by the improvement.

The case was heard on November 17, 1964, before Hon. John J. McDevitt, 3rd, sitting without a jury. At the close of the testimony, the court heard arguments of counsel, and held the case open pending consideration of briefs of counsel and the necessity for further testimony. Subsequently, appendix no. 119, and appendix no. 155 of the Journal of City Council of 1944 were incorporated as a part of the record by the court. With such inclusions, the evidence discloses the following:

On May 3, 1944, Hartranft Street between Broad and Twentieth Streets was on the city plan to a width of 74 feet: 48 feet of cartway with 13 feet of footways. However, only the southern 24 feet of the cartway was legally open. The ordinance enacted by city council on June 15, 1944, was drafted by the department of public works and transmitted by its then director, John H. Neeson, to the mayor on May 3, 1944, who, in turn, transmitted it to council on May 4, 1944, with the director's letter attached. Appendix no. 119 contains the appropriate transmittal letters. In the mayor's letter, he states:

"I am transmitting herewith at the request of the Director of the Department of Public Works a bill providing for the paving of Hartranft Street, from Broad Street to Twentieth Street.

"An explanatory letter from the Director is attached for your information."

The director's letter contained, as an enclosure, the original draft of the ordinance which was adopted by council without change. Of significance, the letter provides:

"The purpose of this ordinance is to provide essential

and necessary transportation facilities in Hartranft Street, between Broad and Twentieth Streets, for the service of the Naval Hospital extensions fronting on Hartranft Street, which cannot be reached from the Pattison Avenue entrances. The paving will also provide a circulatory route between Broad and Twentieth Streets for the general traffic in the area."

The director's letter was dated May 3, 1944, and the mayor's letter to council was dated May 4, 1944.[1] The ordinance, as presented to council and as finally enacted, authorized the director of public works "to enter into a contract for improving as a country road . . ." Hartranft Street, "provided, that the owners of abutting properties shall not be released from paying for paving when authorized by an ordinance of City Council."

From the procedure followed, it is quite clear that the director of public works determined both the language in the ordinance and the nature of the construction adopted. Also clear is the purpose for paving Hartranft Street in 1944. A permanent street improvement was intended to service the Naval Hospital. The land north of the hospital was vacant, and the United States government could not be assessed. But the nature of the paving and its purpose can lead to but one conclusion: that the 1944 work was the original paving of Hartranft Street.

The construction, as specified in the plans and as testified to on the stand, consisted of "steel-free concrete to a depth of 9″-6″-9″." Additional binder course, asphalt adjustment, eight-foot concrete base and five-foot broken stone base were necessary to adjust and connect Hartranft Street to Broad Street and Twentieth Street. In addition, gutters, drainage pipes, man-

[1] The ordinance was referred to the Committee on Public Works on May 8, 1944 and reported out favorably on May 25, 1944. Council passed the ordinance on June 15, 1944.

holes and emergency city inlets were provided, as well as curbing installed on the southern side of the pavement.

Permanent street lighting was provided, repairs were from time to time made, and the paving was used continually from 1944 to 1963 as a connecting highway between Broad Street and Twentieth Street, and providing access to the Naval Hospital.

No assessment was levied in 1944, and the ordinance purported to reserve to the city the right to levy such assessment for "paving" at a future date. Then, in 1962, on February 2nd, the then owner of Aquarium's property (Aquarium's predecessor in title) dedicated the north 24 feet of Hartranft Street to the city, waiving any claim for damages or compensation, which was accepted by the city on April 2, 1962.

City council passed an ordinance authorizing the paving of Hartranft Street from Broad Street to Twentieth Street on November 19, 1962, which contract was entered into and construction completed by Asphalt Paving and Supply Company in 1963. The existing concrete (the south 24 feet) was not disturbed. To the north, the street was paved with necessary grading, similar concrete construction to the 1944 job with necessary openings, etc., and finished with asphalt surfacing. Some additional concrete and asphalt was necessary to bring the south 24 feet to grade, and a new surface of asphalt was added. Also, some new sections of drains, gutters and curbing were necessary on the south curb line to repair defects allowed to accumulate over the years.

Aquarium was assessed, after corner allowance, $7,000 for the street improvements, on the basis that the full allowable street width was assessable against it as an abutting property owner. This conclusion rests on the assumption that the 1962-63 work was the original paving of Hartranft Street.

The assessment against abutting property owners was made on the basis of $8 per front foot. City ordinances permit an assessment on a front-foot basis, provided that the assessment does not exceed the cost of construction, nor for a width of paving in excess of 36 feet: Philadelphia Code §11-503.

The court has found, as a fact, that the paving of Hartranft Street completed in 1944 under the ordinance authorizing that work was the original paving of Hartranft Street. This conclusion is based upon two factors: First, that the method of construction and nature of the materials used indicate that a permanent street improvement was intended, and second, that even though the ordinance of June 15, 1944, refers to this paving job as "improving as a country road", considering the purpose set forth in the letter from the director of the department of public works, which refers to this as a paving, the intent of the municipality was to constitute the 1944 "improvement" of Hartranft Street an original paving: Philadelphia to use of John M. Mack v. Eddleman, 169 Pa. 452 (1895); Hammett v. Philadelphia, 65 Pa. 146 (1870).

Once having determined that the original paving occurred in 1944, the only difference between the present case and the Phillips case (Philadelphia, to use v. Phillips, 179 Pa. Superior Ct. 87 (1955)), is that no assessment was actually levied in 1944. The city sought to characterize that paving as something other than "original". However, in view of all the circumstances, that position is not acceptable. The demands of the war required that a permanent pavement for access to the Naval Hospital be provided. To accomplish that purpose, city council acted. However, any presumption that the 1944 work was not an original paving was amply rebutted by the evidence.

After the original paving, no further assessments may be made, regardless of whether an assessment was

made therefor. This is based upon the theory that once the original paving has been completed, no further *special* benefit can be derived by an abutting property owner. See Hammett v. Philadelphia, supra, at page 155 (1870) ; City of Harrisburg v. Segelbaum, 151 Pa. 172 (1892).

Therefore, the only assessment which can be properly levied against Aquarium must relate only to "new" or "original" paving. We have concluded that the improvement of 1944 was an original paving.

The subsequent paving and resurfacing accomplished in accordance with the ordinance of November 19, 1962 [2] must therefore stand on a somewhat different footing. To the extent that there was a widening of Hartranft Street from the originally paved 24 foot wide strip, a new assessment may be made. The widening added an additional 24 feet of pavement for which an assessment could be levied. However, inasmuch as the Ordinance of Council of 1951, Philadelphia Code §11-503(1)(a)(1956), limits street paving assessments to a toal width of 36′ (or, under ordinary circumstances 18′ for opposite abutting property owners), the present assessment must be limited to the cost for paving of an additional twelve foot wide strip (or, as to Aquarium, the 6 foot strip actually abutting its

---

[2]                    "An Ordinance

"Authorizing the paving of Hartranft Street from Broad Street to Twentieth Street.

"*The Council of the City of Philadelphia hereby Ordains:*

"Section 1. The Procurement Commissioner, pursuant to the provisions of section 11-502 of The Philadelphia Code, is hereby authorized to enter into a contract for the paving of the following street:

"Hartranft Street, from Broad Street to Twentieth Street.

"Approved the nineteenth day of November, A.D. 1962.

                              "James H. J. Tate
                              "Mayor of Philadelphia"

8

property). This result follows because, as a result of the original 24-foot pavement, the city could assess only for an additional 12 feet (36 feet maximum by the 1951 ordinance, less the 24 feet of original paving). Then, as to Aquarium Properties, the assessment, unless cause be shown to the contrary, would be for one half of the total allowable assessment, or, as indicated, for six feet of paving: Philadelphia to use v. Phillips, supra.

Aquarium Properties strenuously asserts that it realized no special benefit. On this basis, it asserts that no assessment of any kind is permitted. The grounds for its assertion are twofold: First, that there is no presumption of benefit, and, therefore, the city has the burden of proving its claim and the special benefit to the property owner, and, second, on Aquarium's contention that it proved there was no special benefit to it.

In the first place, the burden of proof is upon the property owner: Municipal Claims Act of May 16, 1923, P. L. 207, sec. 20; Philadelphia to use v. Crew-Levick Co., 278 Pa. 218 (1923). Numerous cases in Pennsylvania have held that an original paving is, ipso facto, a special benefit to the abutting property owner: Hammett v. Philadelphia, supra; Philadelphia v. O'Brien, 176 Pa. Superior Ct. 235, 240 (1954); Philadelphia to use of John M. Mack v. Eddleman, supra.

Furthermore, the ordinance providing for an assessment of abutting owners of Hartranft Street in 1962, is at least impliedly a finding by council that such a benefit was conferred by the widening of Hartranft Street. See Altman v. Philadelphia, 393 Pa. 246, affirming 12 D. & C. 2d 621, 629 (1959), on the opinion of Judge Flood in the Common Pleas Court: "The declaration in the ordinance 'is entitled not only to respect but to a prima facie acceptance of its correctness.' " (Citations omitted).

When council authorizes an original paving of a street to be paid for in whole or in part by an assessment on abutting property owners, there is an implied finding of fact that a special benefit has been conferred on such property. Add to this the effect to be given a municipal claim under the 1923 Act, and in the ordinary case there must arise a presumption of such a benefit. Therefore, the abutting property owner carries the burden of establishing that there was in fact no such benefit conferred.

Finally, there was positive proof of special benefit to Aquarium Properties in the record. Both witnesses who testified were of the opinion that such a benefit was realized. The photographs in evidence clearly indicate the improvement in access to Aquarium's driveways and parking lots; the creation of a wide street providing easy and adequate access to Aquarium's Aquarama; and the very definite enhancement of the appearance and beauty of Aquarium's Aquarama. All these factors were necessary to the successful conduct of Aquarium's business and the fullest use of the property abutting Hartranft Street.

Aquarium's proof that other property was also specially benefitted, and that one of the subsidiary purposes for the widening of Hartranft Street was to provide access to the Naval Project, and that a public benefit was conferred does not amount to proof that Aquarium did not realize a special benefit allowing the assessment in this case. See 48 Am. Jur., Special or Local Assessments, 583, §24. In fact, it has generally been said that before a street paving assessment may be made, there must be met these two requirements: (1) There must be a public or general benefit, and (2) there must, as a consequence of the general benefit, have been a special benefit conferred upon the abutting property which was assessed: 48 Am. Jur., Special or Local Assessments, 583 §24; Huidekoper v. City of

Meadville, 83 Pa. 156 (1876) ; Philadelphia to use of Nestor v. Spring Garden Farmers' Market Company, 161 Pa. 522 (1894).

It, therefore, follows that while the street assessment as laid was calculated on an improper basis, an assessment may be made and is valid if levied on the basis of paving a total 12-foot wide strip, or, as to Aquarium, a six-foot wide strip along its frontage: Philadelphia, to use v. Phillips, supra.

Defendant Hayman's exceptions are dismissed, and judgment is entered on the finding of the trial court as amended by the stipulation of February 21, 1965.