**Leedom v. Plymouth Township**

*Vincent Cirillo,* for plaintiff.
*Paul W. Callahan,* for defendant.

SCIRICA, J., October 27, 1971.—This is an appeal taken under section 1502 of the First Class Township Code in which plaintiff, John B. Leedom, is appealing the adoption of Township Ordinances No. 619 and No. 620 by Plymouth Township.

On January 11, 1971, the Commissioners of Plymouth Township held a public hearing for the purpose of considering the passage of an ordinance to amend

the Plymouth Township Zoning Ordinance, i.e., to add a new class of district to be known as "HD-Historic District."

On February 8, 1971, the Commissioners of Plymouth Township adopted ordinance no. 619 which amended the township's zoning ordinance by adding a new class to be known as "HD-Historic District."

On the same night, the commissioners adopted ordinance no. 620 which designates area to classified HD-Historic District and which purports to place an overlay on a portion of the plaintiff's premises.

The ordinances were advertised on July 19, 1971, and July 28, 1971.

Plaintiff, John B. Leedom, is one of the owners of a tract of land located at the northwest corner of Germantown and Butler Pikes, Plymouth Township, Montgomery County, Pa. He is, therefore, an aggrieved party in respect to ordinance no. 620.

Plaintiff alleges, in paragraph 5 of his appeal, that ordinance no. 620 is illegal and void because it was based "on an Ordinance which did not then exist, since ordinance no. 619 specifically provides that it should not take effect until it has been duly advertised and until the Pennsylvania Historical and Museum Commission shall have certified by resolution to the historical significance of an historic district." As authority for this allegation, plaintiff relies on Sisters of Mercy v. Lower Gwynedd Township, 75 Montg. 190 (1958).

This court is of the opinion that this decision is not applicable to the facts of this case. In any event, the decision in the case of Santangelo v. Plymouth Township et al., 81, Montg. 215 (1962), specifically overruled the Sisters of Mercy case, supra, in which the court stated as follows:

"The hearing Judge's second reason for adjudging

the reclassifying ordinance procedurally defective was that the ordinance was dependent upon an ordinance enacted on the same day—which created the new classification. Although there is precedent in this county for that conclusion of the hearing judge, we are all of the opinion that such conclusion was erroneous. In short, the commissioners of a township of the first class are not restricted to a step by step revision of their zoning laws by first enacting a new classification, and only thereafter being allowed to delineate the area to be embraced in such new classification. These two steps may be taken at one and the same meeting of the commissioners."

The court concludes that the procedure followed by the Commissioners of Plymouth Township in the enactment of ordinance no. 620 was valid. In support of this conclusion, it cites the case of Village 2 at New Hope, Inc. Appeals, 429 Pa. 626 (1968), where the borough council at the same meeting enacted an ordinance creating a new classification (P.U.D.), and another ordinance amending the zoning map to show the location of the new classification. See also Donahue v. Zoning Board of Adjustment, 412 Pa. 332 (1963), where the issue was whether or not "a floating zone" had been created, and the Commissioners of Whitemarsh enacted an ordinance creating a new classification (Apartment House District) and within six weeks enacted an ordinance amending the zoning map as to rezone a certain strip of land to the new classification, the court said, on page 334:

"In the instant case, the new classification was established and the zoning map amended within a very short period. Under the rules of statutory construction which are likewise applicable to ordinances, see Cloverleaf Trailer Sales Co. v. Pleasant Hills Borough, 336 Pa. 116, 76 A.2d 872 (1950); Philadelphia v.

Phillips, 179 Pa. Superior Ct. 87, 116 A.2d 243 (1955); these ordinances should be read together as one enactment. See Statutory Construction Act, May 23, 1937, P.L. 1019 §62, 42 P.S. §562."

For the above reasons, the appeal of John B. Leedom in the above matter is dismissed.