**City, to use of E. Ventresca & Son
v. Jeff-Mark Corporation**

*Frederick G. Fiechter,* for plaintiff.
*Lester S. Hecht,* for defendant.

SAYLOR, J., December 21, 1971.—Two municipal liens were filed covering charges for sewer pipe laying and water pipe laying done in 1970 in streets upon which property of defendant abuts. Under an ordinance of the City of Philadelphia approved March 24, 1969, the use-plaintiff performed sewer work costing $2,471.25 and water pipe work for $1,235.63. On account of these charges, defendant paid $1,796.25 and $898.13, respectively. The balance in each case was not paid because defendant claims it is entitled to allowances for work done in the streets along its property prior to its ownership thereof. Plaintiff seeks to recover the balances of $675 and $337.50, total $1,012.50 with interest.

Defendant contends that under the law it is entitled to allowances against the claim for the reason that sewer and water lines had been placed in the street when its property was held by its predecessors in title and that since assessments are made in rem against the real estate and not against the owner, and since the title to the property is now held by defendant in separate parcels, it should be allowed the credits it claims.

Counsel have filed briefs and a stipulation of facts as the basis for adjudication by the court.

Defendant in 1962 acquired title to premises 10707 Bustleton Avenue and in 1959 acquired title to 10801-10875 Bustleton Avenue. Under an ordinance approved in 1969 a contract between plaintiffs provided for 274 feet, 7 inches of sewer at $9 per linear foot, or $2,471.25 and for 274 feet, 7 inches of water pipe at $4.50 per linear foot, or $1,235.63, total $3,706.88. The work was completed in 1970. It was done on Proctor Road at the corner with the southwest side of Selmer Road on which defendant's property abuts, title thereto being included in the title to 10707 Bustleton Avenue. That property is adjacent to that known as 10801-10875 Bustleton Avenue. These two parcels are assessed as separate and distinct entities. In 1955, 1956 and 1959, sewers were laid in various streets on which these properties are located. Water pipes were laid in Bustleton Avenue in 1914 and 1963. Defendant's property was never connected therewith. In 1963, this line was relaid but the then owners were not assessed therefor. In 1956, a water line was laid in Kelvin Street. Presently, the water lines in Kelvin Avenue, Bustleton Avenue and Proctor Road are serving or can serve defendant. Only the Bustleton Avenue and Proctor Road sewers can be, or are, used by defendant's shopping center.

## SEWER CHARGES

Defendant contends that as the city granted no "multiple front" allowance along the Bustleton Avenue frontage for the sewer completed in 1959, under section 13-404 of the Philadelphia Code of Ordinances, defendant is entitled to an allowance of 75 feet or $675 on the "instant assessment and claim" against the 274 feet, 7 inches, of the Proctor Road Sewer because it abuts premises 10707 Bustleton Avenue, a piece of real estate owned by defendant separate from the 10801-10875 Bustleton Avenue property.

The provisions of chapter 13-404 of the code call for

the assessment of the owners of abutting properties on streets where sewers are constructed. The provisions also include language making the assessment at the rate of $9 a front foot with allowances. There is language indicating the assessment is against the property, providing that when property has been assessed for the construction of a sewer, it shall not be assessed for subsequent laying of sewer pipe.

There is other language which defendant contends is indicative that allowances are made with respect to frontages and lots, that is, to property and not to the owners thereof. Hence, defendant contends that assessments and multiple frontage allowances are only as to "property" and the present ownership by one entity of contiguous but separate lots or plots of ground is not a factor affecting the situation. In short, no matter who the owner or owners may be, an allowance is authorized if there has been no previous allowance with respect to the property. And so defendant claims an allowance of $675.

## WATER LINE CHARGES

Defendant contends that it is entitled to an allowance of $337.50 with respect to the water line laid in the same street and to the same length as the sewer line. Again, it claims that the liened premises constitute a "multiple frontage lot" and that the city gave no allowance previously for the 75 feet. On the other hand, plaintiff contends that defendant's premises were not assessed for water pipe laid in Bustleton Avenue in 1914 and relaid in 1963.

Section 13-304(1)(d) of the Philadelphia Code of Ordinances reads: "(.4) Where the lot has not received an allowance on the side where water pipe has been previously laid, an allowance will be made on the remaining side, but more than one allowance shall not be made on any lot." Even though the city did not

assess the abutting property owner for the water line laid in the southeast side of Bustleton Avenue prior to 1914 and relaid in 1963, the principle of law here applicable is that stated in Hammett v. Philadelphia, 65 Pa. 146 (1869), where it was held that once a street has been opened and paved and thus assimilated with the rest of the city and made a part of it, the abutting property owners cannot subsequently be assessed for the cost of reconstructing the street or substituting a new kind of paving. This holds true for the laying of water pipe. Section 13-304(2) of the Philadelphia Code provides:

"When property has been assessed for the laying of water pipe the property shall not be assessed for subsequent laying of water pipe."

Even though the public treasury and not the abutting owners paid for original street paving in City of Harrisburg v. Segelbaum, 151 Pa. 172 (1892), the court held that since the street was improved in 1832 and repaired in the same way 16 years later, and thereafter kept in repair by the city, the present work represented a repaving. Even though the 1832 paving was not done at the expense of the property owners and the properties benefited thereby, the property owners were not liable for the assessment. Special local benefits accrue to the abutting owners only at the time of the original paving and must be exercised at or near the time the benefits accrue. Boyer v. Reading City, 151 Pa. 185 (1892), is in accord with this doctrine.

The effect of the ordinance is the same whether the water pipe laid in Bustleton Avenue for the then owners of the abutting property was assessed or not assessed, and the city itself paid for the improvements. The provision of the code applies just as it would have applied had the cost for the Bustleton Avenue water pipe been assessed against the abutting property owners.

Part (.4) of section 13-304(1)(d), above quoted, is

here applicable. Since defendant's lot has not received an allowance heretofore, it is entitled to the allowance of $337.50 which it claims. It is an allowance "made on the remaining side," namely, on Proctor Road and is for the water pipe therein laid.

Noteworthy is the fact that this municipal claim is one in rem, filed pursuant to the provisions of the Municipal Claims Act of May 16, 1923, P. L. 207, section 23 of which provides that all judgments "for the plaintiff . . . shall be *de terris* only, and shall be recovered out of the property, bound by lien, and not otherwise . . ."

In summary, the specific premises here involved never before received an allowance for sewer or water pipe constructed on Bustleton Avenue and defendant is entitled to allowances of 75 feet on that street for sewer in the amount of $675 and for water line in the amount of $337.50. Interest is due by defendant on the sum of $1,796.25 from May 21, 1970, to September 23, 1970, the date of payment, and on the sum of $898.13 for the water line from August 7, 1970, to October 30, 1970, the date of payment. Filing fees on both the water and sewer payments heretofore made are also presently payable.